**Eriberto REYES–PALACIOS, Petitioner,**

v.

**UNITED STATES IMMIGRATION AND NATURALIZATION SERVICE, Respondent.**

**No. 86–7673.**

United States Court of Appeals, Ninth Circuit.

Submitted September 23, 1987 *.

Memorandum Filed Nov. 16, 1987.

Order and Opinion Filed Jan. 12, 1988.

Sandra Pettit, Legal Aid Foundation, Los Angeles, Cal., for petitioner.

Madelyn E. Johnson, U.S. Dept. of Justice, Washington, D.C., for respondent.

Before BROWNING, Chief Judge, SKOPIL, and KOZINSKI, Circuit Judges.

**ORDER**

The memorandum disposition filed November 16, 1987, is redesignated as a per curiam opinion.

PER CURIAM:

Reyes–Palacios petitions for review of the Board of Immigration Appeals' (BIA)

---

\* The panel finds this case appropriate for submission without oral argument pursuant to Ninth

Circuit Rule 34–4 and Fed.R.App.P. 34(a).

order denying his application for asylum and withholding of deportation under 8 U.S.C. §§ 1158(a) and 1253(h). We grant the petition for review, vacate the BIA's order, and remand for further proceedings.

Mr. Reyes–Palacios is a native and citizen of El Salvador. He entered the United States without inspection on April 22, 1985. He was arrested by the Immigration and Naturalization Service (INS) the same day and subsequently charged with entering the country without inspection in violation of 8 U.S.C. § 1251(a)(2).

Mr. Reyes–Palacios first appeared before an Immigration Judge (IJ) on May 1, 1985. He requested counsel and was granted a continuance to obtain one. He was brought before an IJ on at least one other occasion and also granted a continuance. On May 24, 1985, the petitioner again appeared before an IJ and explained that he had obtained counsel but his counsel was not present. The IJ insisted he proceed without counsel. He was found deportable and afforded an opportunity to apply for asylum.

On June 6, 1985, the petitioner was transferred from the detention center at El Centro, California, to Las Vegas, Nevada, where he remained until June 27, 1985. On his return to El Centro, he became ill.

Mr. Reyes–Palacios filled out an application for asylum himself and submitted it to the Immigration office. A hearing was held on the application on July 24, 1985. Mr. Reyes–Palacios was not represented by counsel and there was no inquiry regarding counsel. The petitioner was the only witness, and the IJ was the only examiner. The hearing was conducted through a translator. The IJ denied petitioner's application for asylum and the BIA affirmed. The petitioner filed this petition for review.

Petitioner raises several claims. We address only his claim that he was denied due process because he was effectively denied his right to representation.

■ We review a claim of denial of due process *de novo*. *Roque–Carranza v. INS*, 778 F.2d 1373, 1374 (9th Cir.1985). An alien is entitled to a fair deportation hearing which includes the opportunity to have counsel present at no cost to the government. 8 U.S.C. § 1362 (1982); *Rios–Berrios v. INS*, 776 F.2d 859, 862 (9th Cir.1985). "Failure to accord an alien this right may, in the light of the entire administrative record, be an abuse of discretion, requiring remand." *Castro–O'Ryan v. INS*, 821 F.2d 1415, 1419 (9th Cir.1987) (citing *Castro–Nuno v. INS*, 577 F.2d 577, 578–79 (9th Cir.1978)). The importance of counsel, particularly in asylum cases where the law is complex and developing, can neither be overemphasized nor ignored.

■ The IJ presiding over the asylum hearing did not ask whether petitioner wished to be represented; there was no mention of counsel at all. Had he made inquiry he would have discovered that Mr. Reyes–Palacios desired counsel but his attempt to obtain one had been frustrated by his transfer to Las Vegas and his illness. He also would have discovered that attorneys were not readily available near the El Centro detention center. *See* Affidavit of Graciela E. Zavala, Admin.Rec. at 37.

At petitioner's deportation hearing the IJ asked whether petitioner had obtained counsel, but failed to inquire into the reasons surrounding counsel's absence. The entire colloquy, which followed the IJ's recitation of petitioner's prior appearances, relating to counsel follows:

Q: Did you ever get a lawyer, sir?

A: Yes.

Q: Why doesn't your lawyer come to Court?

A: Well, I have had no time to get a hold of him. We go inside pretty early.

Q: Thank you, sir.

This colloquy does not establish a voluntary waiver of counsel. *Rios–Berrios v. INS, supra*, 776 F.2d at 863; *Castro–Nuno v. INS*, 577 F.2d 577, 579 (9th Cir.1978). Nor does it reflect the care INS must exercise to protect the alien's right to counsel. *Castro–Nuno v. INS, supra*, 577 F.2d at 579. Petitioner was denied due process when the INS failed to inquire "whether petitioner waived his right to counsel, and, if not, whether there was sufficient cause to grant petitioner more time to obtain

counsel." *Colindres–Aguilar v. INS*, 819 F.2d 259, 261 (9th Cir.1987) (citations omitted).

■ Petitioner was prejudiced by the absence of counsel. On appeal petitioner's counsel has presented compelling evidence of petitioner's fear of persecution that petitioner failed to present at his asylum hearing. *Cf. id.* at 262.

REVERSED AND REMANDED.