956 F.2d 1166
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Jean Paul BUYS, Petitioner,
v.
UNITED STATES IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 91-70087.
 United States Court of Appeals, Ninth Circuit.
 Submitted Feb. 26, 1992.*
Decided March 4, 1992.
 
 On Petition for Review an Order of the Board of Immigration Appeals; No. Ade-spx-mgi.
 B.I.A.
 PETITION FOR REVIEW DENIED.
 Before CANBY, WILLIAM A. NORRIS and LEAVY, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Jean Paul Buys, a native and citizen of Belgium, petitions for review of the Board of Immigration Appeals' ("BIA") order affirming an immigration judge's ("IJ") decision finding Buys deportable and granting him an opportunity to depart voluntarily within four months. Buys contends that the IJ should not have proceeded with the deportation hearing because Buys was not represented by an attorney. Buys claims that, as a result of the IJ's error, he was denied his right to due process. We have jurisdiction under 8 U.S.C. § 1105a and deny the petition for review.
 
 
 3
 We review de novo a claim alleging a due process violation. Reyes-Palacios v. INS, 836 F.2d 1154, 1155 (9th Cir.1988). "An alien is entitled to a fair deportation hearing which includes the opportunity to have counsel present at no cost to the government." Id. "Failure to accord an alien this right may, in the light of the entire administrative record, be an abuse of discretion, requiring remand." Castro-O'Ryan v. INS, 847 F.2d 1307, 1312 (9th Cir.1987). "Indeed, if the prejudice to the alien is sufficiently great, the constitutional guarantee of due process may be violated." Baires v. INS, 856 F.2d 89, 91 (9th Cir.1988).
 
 
 4
 The IJ may grant a continuance to allow the petitioner time to seek counsel. Id. Nevertheless, if an alien has had an extended period of time to obtain counsel and does not do so, the IJ may proceed with the hearing. Vides-Vides v. INS, 783 F.2d 1463, 1470 (9th Cir.1986). Ultimately, "the decision to grant or deny continuances is in the sound discretion of the trial judge." Baires, 856 F.2d at 91 (quoting Rios-Berrios v. INS, 776 F.2d 859, 862 (9th Cir.1985)).
 
 
 5
 Here, Buys was issued an Order to Show Cause charging him with being deportable under section 241(a)(2) of the Immigration and Nationality Act, 8 U.S.C. § 1251(a)(2), for remaining in the United States beyond his authorized time period. Buys first appeared before the IJ on February 21, 1989. The IJ granted a continuance to allow Buys to obtain an attorney. Over the following four months, Buys appeared before the IJ on at least three occasions and was granted continuances to allow him to obtain an attorney or to allow his attorney to prepare Buys' case.
 
 
 6
 On June 30, 1989, Buys appeared with his attorney, Jan Joseph Bejar, before the IJ.[1] Buys admitted to the allegations set forth in the Order to Show Cause and conceded deportability. Buys indicated that he intended to apply for an adjustment of status and the IJ ordered Buys to file his application by August 30, 1989. The IJ set the trial date to decide the merits of Buys' case for October 5, 1989.
 
 
 7
 On August 17, 1989, and again on September 7, 1989, the IJ granted Bejar's request to withdraw from Buys' case based on Buys' failure to cooperate. Buys did not file an application for adjustment of status. On October 5, 1989, Buys appeared for his trial without counsel. The IJ concluded that Buys had abandoned his opportunity to file for an adjustment of status and granted him the privilege of voluntary departure in lieu of deportation.
 
 
 8
 Buys now contends that the IJ should not have proceeded with the October 5, 1990 trial because Buys did not have an attorney. He argues that the IJ should have given him another opportunity to obtain counsel. Nevertheless, Buys had over seven months and numerous continuances to prepare his case. See Vides-Vides, 783 F.2d at 1470. He hired two attorneys to represent him. Furthermore, Buys had at least one month before his trial to obtain new counsel and failed to do so. See Vides-Vides, 783 F.2d at 1470.
 
 
 9
 In light of Buys' numerous opportunities to obtain counsel, we conclude that Buys' right to due process was not infringed. See id. Therefore, the IJ did not abuse its discretion by proceeding with Buys' deportation proceedings. See id.
 
 
 10
 PETITION FOR REVIEW DENIED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Prior to obtaining Bejar, Buys was represented by another attorney who withdrew from the case due to Buys' lack of cooperation