963 F.2d 379
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Clemente LOPEZ-MEDINA, Petitioner,
v.
UNITED STATES IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 91-70007.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted April 14, 1992.
Decided May 20, 1992.
 
 Before GOODWIN, SCHROEDER and LEAVY, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Clemente Lopez-Medina petitions this court to review the Board of Immigration Appeals' (BIA) summary dismissal of his appeal from a deportation order. The BIA ruled that Lopez-Medina had not stated his grounds for appeal with sufficient clarity. We reverse and remand with instructions.
 
 
 3
 Lopez-Medina is a fifty-eight year old citizen of Mexico. In 1957, he married a United States citizen and in 1961, he obtained an immigrant visa to the U.S. Lopez-Medina worked as a laborer for the same employer for 30 years before becoming partially disabled from an accident at work.
 
 
 4
 In 1987, Lopez-Medina was convicted of an offense that called him to the attention of the Immigration and Naturalization Service (INS). The INS moved to deport Lopez-Medina under 8 U.S.C. § 1251(a)(11). Lopez-Medina retained counsel to represent him at his upcoming deportation hearing.
 
 
 5
 At the hearing on January 11, 1991, Lopez-Medina's counsel did not appear. The Immigration Judge (IJ) could tell from the record that this was an adversary proceeding. The record does not indicate whether Lopez-Medina's attorney was notified of the hearing. Nonetheless, the hearing proceeded without the assistance of counsel, but with a Spanish interpreter.
 
 
 6
 At the start of the hearing, the IJ asked Lopez-Medina his name and then noted: "Sir, this is a deportation proceeding and you had previously been advised that you have rights to a lawyer." After Lopez-Medina responded "Yes" through the interpreter, the IJ continued with the proceeding. Before questioning Lopez-Medina, the IJ instructed him that "I am going to ask you some of the questions a lawyer would ask you, if you had one." At the close of the proceeding, the IJ ordered Lopez-Medina deported.
 
 
 7
 Lopez-Medina appealed the IJ's decision to the BIA. In his Notice of Appeal, Lopez-Medina claimed, inter alia, that: "The IJ erred in failing to permit my attorney to be present at my deportation hearing in violation of my rights to due process." Lopez-Medina's counsel failed to file a brief with the BIA.
 
 
 8
 Finding that Lopez-Medina had failed to specify the reasons for his appeal, the BIA summarily dismissed Lopez-Medina's appeal pursuant to 8 C.F.R. § 3.1(d)(1-a)(i).
 
 I. Summary Dismissal
 
 9
 This court will affirm a summary dismissal if it is "appropriate." Martinez-Zelaya v. I.N.S., 841 F.2d 294, 295 (9th Cir.1988). Summary dismissal of Lopez-Medina's right to counsel claim was not appropriate.
 
 
 10
 Section 3.1(d)(1-a) states, in pertinent part, that "The BIA may summarily dismiss any appeal in any case in which (i) the party fails to specify the reasons for his appeal on Form I-290A (Notice of Appeal)...." In so dismissing Lopez-Medina's appeal, the BIA cited Reyes-Mendoza v. I.N.S., 774 F.2d 1364 (9th Cir.1985). In Reyes-Mendoza, this court held that section 3.1(d)(1-a)(i) requires that the Notice of Appeal "inform the BIA of what aspects of the IJ's decision were allegedly incorrect and why." Id. at 1365 (citing Matter of Holquin, 13 I. & N.Dec. 423, 425-26 (BIA 1969)). The statement must be specific enough so that the BIA need not "guess at how the alien disagrees with the immigration judge's decision." Matter of Alencia, 10 I. & N.Dec. 354 (BIA 1988).
 
 
 11
 Concerning the "what aspects" prong of Reyes-Mendoza, the BIA could find the essence of Lopez-Medina's claim on lines 13-15 of the very first page of the transcript of Lopez-Medina's deportation hearing:
 
 
 12
 Q: Sir, this is a deportation proceeding and you had previously been advised that you have rights to a lawyer.
 
 
 13
 A: Yes.
 
 
 14
 If this ambiguous exchange did not ring bells in the minds of the BIA members, then the INS's brief left no doubt. On page two, the INS brief pointed directly to this exchange and informed the BIA that the exchange represented the basis of Lopez-Medina's claim.
 
 
 15
 As for the "why" prong of Reyes-Mendoza, it is well-settled that, in deportation hearings, aliens enjoy the right to counsel. That right is protected by federal statute, 8 U.S.C. § 1362 (1982); Rios-Berrios v. I.N.S., 776 F.2d 859 (9th Cir.1985), and by the due process clause of the fifth amendment. Baires v. I.N.S., 856 F.2d 89 (9th Cir.1988). When Lopez-Medina wrote in his Notice of Appeal that the IJ had prevented Lopez-Medina's attorney from being present at his deportation hearing "in violation of my right to due process," Lopez-Medina was referring to this law. The BIA members did not have to "guess" that Lopez-Medina was alleging a right to counsel violation.
 
 
 16
 This case differs from the typical section 3.1(d)(1-a)(i) case. In the typical case, the alien is appealing a fact-intensive discretionary decision of the IJ. See, e.g., Toquero v. INS, 956 F.2d 193 (9th Cir.1992). In this case, however, the IJ had no discretion to deny the alien his right to counsel. Indeed, none of the summary dismissal cases the INS cites involved a claimed denial of the right to counsel.
 
 
 17
 We recognize that Lopez-Medina's assertion of his right to counsel claim was inartfully stated. But even a cursory reading of his file would have revealed that he had never knowingly waived his right to counsel, and that even if his failure to have counsel at the hearing was without fault on the part of the IJ, it was obvious that the IJ did not inquire about the absence, or even make note of it. Where there is no request for a continuance, but it is obvious that a person who does not speak English is about to start a hearing without his lawyer, most judges would make some kind of inquiry. None was made. We reverse the BIA's summary dismissal of Lopez-Medina's appeal.
 
 II. Right to Counsel[1]
 
 18
 An alien's waiver of his right to counsel at a deportation hearing must be knowing, intelligent, and voluntary. Ramirez v. I.N.S., 550 F.2d 560, 565 (9th Cir.1977). Cases involving claimed invalid waivers of counsel arising from exchanges between the IJ and the alien follow a consistent pattern. In those cases in which the IJ expressly asked the alien whether he was waiving counsel and the alien expressly indicated a desire to proceed without counsel, the petitioner's claim was rejected. See, e.g., Ramirez, 550 F.2d at 565. Conversely, the courts have found an invalid waiver when the exchange was at best ambiguous. See, e.g., Reyes-Palacios v. I.N.S., 836 F.2d 1154, 1155 (9th Cir.1988).
 
 
 19
 The exchange between the IJ and Lopez-Medina concerning counsel fits into the second category of cases. Lopez-Medina had, in fact, retained counsel prior to his deportation hearing. The IJ should have been aware of this because three weeks before the hearing, Lopez-Medina's counsel had filed a form with the INS entitled "Notice of Entry of Appearance as Attorney or Representative." Lopez-Medina's attorney had signed the form and provided his address and phone number. For some undetermined reason, the attorney did not appear at Lopez-Medina's deportation hearing. Accordingly, it impossible to find that the ambiguous exchange concerning counsel at Lopez-Medina's deportation hearing revealed a knowing, intelligent, and voluntary waiver of counsel.
 
 
 20
 Lopez-Medina next argues that the IJ's violation of his right to counsel prejudiced him at the deportation hearing. We find that the presence of counsel at Lopez-Medina's hearing "could have materially affected the outcome of his case." Baires v. I.N.S., 856 F.2d 89, 93 (9th Cir.1988). Accordingly, we hold that Lopez-Medina suffered prejudice from denial of his right to counsel.
 
 III. Conclusion
 
 21
 We recognize that the greatest fault in this case lies with Lopez-Medina's first counsel. However, this does not excuse the IJ's failure to inquire concerning counsel, or the BIA's summary dismissal of Lopez-Medina. Accordingly, on remand, the BIA is instructed to grant Lopez-Medina a new deportation hearing. Any further appeals in this case will be brought before this panel of the court.
 
 
 22
 REVERSED and REMANDED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 Normally, this court would remand to the BIA to consider the merits of Lopez-Medina's appeal to that board. In this case, however, the INS agrees that should this court find a violation of the right to counsel and resulting prejudice to Lopez-Medina, a new deportation hearing would be in order. Moreover, the right to counsel claim in this case does not involve immigration issues particularly within the expertise of the BIA. We confine our review to the administrative record. 8 U.S.C. § 1105(a)(4)