980 F.2d 738
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Rafael PALAFOX-ESPARZA, Petitioner,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 91-70232.
 United States Court of Appeals, Ninth Circuit.
 Nov. 24, 1992.
 
 1
 Before KOZINSKI and DAVID R. THOMPSON, Circuit Judges, and REA, District Judge.**
 
 
 2
 MEMORANDUM***
 
 OVERVIEW
 
 3
 Petitioner Rafael Palafox-Esparza appeals the decision of the Board of Immigration Appeals holding that petitioner was not statutorily eligible for suspension of deportation. Petitioner contends that his voluntary departures in 1983 and 1984 were obtained after the INS failed to adequately apprise him of rights, that his return to Mexico in 1985 was brief, casual and innocent, and that these departures should therefore not affect his statutory eligibility. We have jurisdiction under 8 U.S.C. § 1105a(a), and we affirm.
 
 FACTS
 
 4
 Petitioner is a thirty-one year old citizen and native of Mexico, unmarried, with no children. In 1976, at the age of sixteen, petitioner entered the United States surreptitiously with his parents. He has only a fifth-grade education, which he received in Mexico, and he currently resides in the United States with his deceased brother's wife and five children. His parents and four of his siblings reside in the United States and are either lawful permanent residents, temporary residents, or have amnesty applications pending. He also has a brother and a sister residing in Mexico along with various aunts and uncles.
 
 
 5
 Petitioner resided more or less continuously with one brother and his family in Oakland, California until 1981. Between 1981 and 1984 he lived in both Rutherford and Napa, California and worked in the fields. Sometime in 1983, the Immigration and Naturalization Service (hereinafter, the "INS") apprehended petitioner while he was working in the fields near Napa, California.
 
 
 6
 Once an undocumented alien is apprehended by the INS, the INS can either institute deportation proceedings or can seek a voluntary departure. A voluntary departure can be obtained in two ways. The Immigration Court can order the alien to depart the country voluntarily under threat of deportation, or the alien can simply agree to depart voluntarily (a "voluntary prehearing administrative departure"). If the INS proceeds by way of a voluntary prehearing administrative departure, it must inform the alien that he is entitled to a hearing before an Immigration Judge and that he has the right to consult legal counsel at no expense to the government. The alien must then sign a form which indicates that he has been apprised of these rights and that he waives those rights. If the alien signs the form, he is granted a voluntary departure. If the alien refuses to sign, the INS must seek an order from the Immigration Court.
 
 
 7
 Here, petitioner signed for a voluntary deportation. As part of the voluntary return process, petitioner was given the form explaining his rights and options upon apprehension. The form is written in both English and Spanish. Petitioner testified that he "hardly read" the form before he signed it. He also testified that he was never orally advised of his rights by any immigration official.
 
 
 8
 A Border Patrol agent testified that standard operating procedure mandated that every alien be advised of his rights orally and that Border Patrol agents were required to read the form to any aliens who were illiterate. Because records are only maintained for three years, the INS was unable to determine who the apprehending agent was and whether petitioner was orally advised of his rights.
 
 
 9
 Petitioner voluntarily returned to Mexico. After approximately three days, he re-entered the United States without inspection.
 
 
 10
 In January of 1984, petitioner was again apprehended by the INS and departed on his second voluntary return. Petitioner testified that the Border Patrol agent again did not orally apprise him of his rights and remedies, but that he was given the apprisal of rights form. This time, petitioner did not even attempt to read it. He signed the form and voluntarily returned to Mexico. Petitioner stayed in Mexico a couple of days and then again re-entered the United States without inspection.
 
 
 11
 Petitioner made a third departure from the United States in July 1985 when his brother, who resides in Mexico, came to the United States and took petitioner back with him to Mexico. Petitioner's stated purpose in leaving on that occasion was to rehabilitate himself from an alcohol problem. His departure was precipitated by two drunk driving arrests in that same year. Petitioner testified that he originally had planned to stay for three months but that he was not completely rehabilitated until after six months had passed. Notwithstanding his rehabilitation, petitioner remained in Mexico for another four months.
 
 
 12
 While in Mexico, petitioner worked at his brother's business and worked in the melon fields of Michoacan. During that ten month period, petitioner obtained a Mexican driver's license and opened a Mexican bank account. After unsuccessfully applying for a visa, he re-entered the United States without inspection in May 1986.
 
 
 13
 In April 1987, petitioner was once again apprehended by the INS near Livermore, California. This time he sought and was granted a hearing wherein he applied for suspension of deportation. At the hearing, the Immigration Judge found that petitioner's ten month sojourn in Mexico constituted a meaningful interruption of his physical presence in the United States, thereby rendering him statutorily ineligible for suspension of deportation. Petitioner appealed to the Board of Immigration Appeals (hereinafter, the "Board").
 
 
 14
 The Board reviewed the decision of the Immigration Judge and affirmed her decision. The Board concluded that the petitioner was not statutorily eligible for suspension of deportation. This appeal followed.
 
 DISCUSSION:
 
 15
 I. The Board Correctly Decided that Petitioner Was Not Eligible for Suspension of Deportation
 
 
 16
 An alien found deportable may seek suspension of deportation under Section 244(a)(1) of the Immigration & Nationality Act, 8 U.S.C. § 1254(a)(1). Pursuant to that section, the Attorney General has the discretion to suspend the deportation of an alien, and adjust his status to that of a permanent resident, if three criteria are met: (1) the alien has been continuously present in the United States for seven years, (2) the alien is a person of good moral character, and (3) deportation would result in extreme hardship to the alien or to his spouse, parent, or child who is a United States citizen or permanent resident of the United States. The first criteria is a threshold inquiry.
 
 
 17
 Petitioner contends that he has satisfied the continuous presence requirement despite the fact that he has returned to Mexico on three occasions. To support this contention, petitioner makes two arguments. First, petitioner contends that his voluntary prehearing administrative departures in 1983 and 1984 should not affect his eligibility for suspension of deportation because these departures were obtained as the result of the INS's prejudicial failure to inform him of his rights. Second, petitioner contends that his ten month absence from the United States in July 1985 was brief, casual and innocent and thus did not affect his eligibility for suspension of deportation. For the reasons set out below, we affirm.
 
 
 18
 A. Petitioner's Voluntary Departures Broke the Seven-Year Continuous Presence Requirement
 
 
 19
 Petitioner's first contention concerns his voluntary departures in 1983 and 1984. Specifically, he argues that these departures may not be validly used against him when determining whether he met the seven year continuous presence requirement because the INS failed to orally inform him of his right to counsel and to a hearing. Because this argument amounts to a claim that the INS denied petitioner his due process rights, we review it de novo. Reyes-Palacios v. INS, 836 F.2d 1154, 1155 (9th Cir.1988).
 
 
 20
 Generally, a voluntary departure is an absolute break in the seven year continuous presence requirement. Hernandez-Luis v. INS, 869 F.2d 496, 498 (9th Cir.1989). Nevertheless, if a petitioner can establish: (1) that the INS violated one of its regulations when it offered the petitioner a voluntary departure, and (2) that the violation prejudiced an interest protected by the regulation, the INS may not use voluntary departure against petitioner when determining whether he met the seven year continuous presence requirement. Id. "To show prejudice, the alien must establish more than that he would have availed himself of the procedural protections; he must produce 'concrete evidence' that the violation had the potential for affecting the outcome of the proceeding." Id. at 498.
 
 
 21
 Petitioner has failed to establish that the INS violated one of its regulations. Pursuant to 8 C.F.R. § 287.3, "an alien arrested without warrant of arrest shall be advised of the reason for his/her arrest and the right to be represented by counsel of his/her choice, at no expense to the government." Petitioner contends that this section was violated because he was not orally apprised of his rights. This objection is without merit because petitioner admits that he was provided a form which advised him of his rights. Petitioner opted not to read it. Petitioner cannot now complain that his decision not to read the form was based upon the dereliction of duty on the part of the Border Patrol agent.
 
 
 22
 The Immigration Judge found that the INS "obtained petitioner's signature on a request for voluntary return without fully apprising him as to his legal rights and available relief." The evidence supporting this statement is petitioner's unilateral testimony that the agents did not orally advise him of his rights. An oral apprisal, however, was the standard operating procedure followed by the Border Patrol. Notwithstanding the finding of the Immigration Judge, 8 C.F.R. § 287.3 does not specifically require oral disclosures and the Border Patrol agent's alleged failure does not amount to a violation of that section per se. This is not a situation where the petitioner attempted to read the form but could not understand it. Rather, the petitioner opted not to read it at all. Under these circumstances, the INS adequately followed its regulation. Because the INS violated no regulation when petitioner voluntary departed in 1983 and 1984, these departures broke the continuous presence requirement as a matter of law. Hernandez-Luis, supra, 869 F.2d at 498. Petitioner is therefore statutorily ineligible for a discretionary grant of suspension of deportation.
 
 
 23
 Accordingly, we affirm the Board's conclusion that petitioner is statutorily ineligible for a discretionary grant of suspension of deportation. Because we affirm on that basis, we need not consider the petitioner's contention that his 1985 trip to Mexico was brief, casual and innocent.
 
 
 24
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a) and Ninth Circuit Rule 34-4
 
 
 **
 Hon. William J. Rea, United States District Court Judge for the Central District of California, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3