995 F.2d 232
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Darwin Jose PALACIOS, Petitioner,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 91-70188.
 United States Court of Appeals, Ninth Circuit.
 Submitted May 7, 1993.*
Decided June 3, 1993.
 
 Before KOZINSKI, SUHRHEINRICH** and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM***
 
 
 2
 Petitioner Darwin Jose Palacios, a native and citizen of Nicaragua, petitions for review of the Board of Immigration Appeal's ("BIA") order upholding an immigration judge's denial of petitioner's motion to reopen. We have jurisdiction pursuant to 8 U.S.C. § 1105a(a). We affirm.
 
 DISCUSSION
 
 3
 Section 242(b) of the Immigration and Naturalization Act (INA), provides that an immigration judge may, in his discretion, conduct a deportation hearing in absentia if the alien has been given a reasonable opportunity to be present and fails to appear without reasonable cause. 8 U.S.C. § 1252(b); INS v. Lopez-Mendoza, 468 U.S. 1032, 1038-39 (1984) ("[t]he respondent must be given a reasonable opportunity to be present at the proceeding, but if the respondent fails to avail himself of that opportunity the hearing may proceed in his absence"); United States v. Dekermenjian, 508 F.2d 812, 814 (9th Cir.1974). However, an alien is entitled to have the case reopened and decided on the merits if he can show "reasonable cause" for his failure to appear. Matter of Ruiz, Int.Dec. 3116 (BIA 1989); Patel v. United States INS, 803 F.2d 804, 806 (5th Cir.1986). We review the BIA's decision not to reopen a deportation proceeding for an abuse of discretion. INS v. Doherty, 112 S.Ct. 719, 725 (1992); INS v. Abudu, 485 U.S. 94, 108 (1988).
 
 
 4
 As "reasonable cause" for his failure to appear, petitioner stated that he was a minor and should not be held to the same level of responsibility as an adult, that he was not previously represented by legal counsel, and that his father had included petitioner on his application for asylum. As correctly noted by the BIA, petitioner was not a minor under California law at the time of his deportation hearings. See Cal.Civ.Code § 25 (1990) (defining a minor as all those persons under 18 years of age). Nor was petitioner prejudiced by the lack of counsel, because his rights had been extensively explained at prior hearings by the immigration judge. In addition, there is no evidence in the record to suggest that petitioner lacked the intelligence to understand the rights he was waiving or that the waiver was involuntary or coerced.[1] Although the BIA did not address petitioner's explanation that his father was including petitioner on the former's application for asylum, as the immigration judge correctly observed in his order denying the motion to reopen, petitioner's father did not file his application for asylum until January 25, 1989, two weeks after the hearing. Furthermore, petitioner was not listed on the original application.
 
 
 5
 As the Board observed, petitioner has "not address[ed] the issue of why he did not attend his hearing on January 11, 1989." Cf. Ruiz, Int.Dec. 3116 (alien established reasonable cause for his failure to appear where he submitted physician's letter stating that he was unable to attend scheduled hearing due to illness; petitioner's motion to reopen therefore should have been granted). In the absence of argument and evidence to support a finding of "reasonable cause" for petitioner's absence on January 11, 1989, we conclude that the BIA did not abuse its discretion in upholding the immigration judge's refusal to reopen the deportation proceedings. See, e.g., Reyes-Arias v. INS, 866 F.2d 500 (D.C.Cir.1989) (alien was not entitled to reopening of deportation proceedings after missing second continued hearing where counsel appeared, despite alien's claimed lack of education and unfamiliarity with the English language and INS procedures); Maldonado-Perez v. INS, 865 F.2d 328 (D.C.Cir.1989) (failure to appear at deportation hearing after receiving more than two months notice of hearing date was not excused by untimely change of venue motion).
 
 
 6
 Petitioner also alleges that his Fifth Amendment right of due process and his Sixth Amendment right to counsel were violated by the denial of the motion to reopen. Although an alien does not have a Sixth Amendment right to be represented in deportation proceedings, Baires v. INS, 856 F.2d 89, 90-91 (9th Cir.1988) (citations omitted), he does have a statutory right to be represented by counsel of his choice, at no expense to the government. 8 U.S.C. § 1362; Baires, 856 F.2d at 91 (citations omitted). An alien does, however, have a right to due process during those proceedings, Reyes-Palacios v. United States INS, 836 F.2d 1154, 1155 (9th Cir.1988), which we have held includes the opportunity to have counsel present at no cost to the government. Orantes-Hernandez v. Thornburgh, 919 F.2d 549, 554 (9th Cir.1990) (citation omitted); Reyes-Palacios, 836 F.2d at 1155 (citations omitted). We review due process claims de novo. Reyes-Palacios, 836 F.2d at 1155.
 
 
 7
 Petitioner, upon his request, was granted a continuance in order to secure counsel. Furthermore, there is no evidence in the record to suggest that petitioner did not understand the immigration judge's explanation of his right to counsel and the consequences of his failure to appear, with or without counsel. It should also be noted that petitioner himself filed the application for asylum and appeared at the show cause hearing without the urging of counsel. We find no violation of petitioner's due process rights.
 
 
 8
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 The Honorable Richard F. Suhrheinrich, Circuit Judge for the United States Court of Appeals for the Sixth Circuit, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by the 9th Cir.R. 36-3
 
 
 [1]
 Petitioner suggests in a footnote in his brief that the immigration judge's finding that he advised petitioner through a Spanish interpreter of the consequences of nonappearance at the next court date is wanting because the only proof in the record is a form letter filled out by the judge. Absent a declaration by petitioner that he misunderstood or was misinformed by the court interpreter, we need not consider this contention further