46 F.3d 1143
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Gabriel NAVARRETE-CONRADINO, Petitioner,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 94-70415.
 United States Court of Appeals, Ninth Circuit.
 Submitted: Jan. 25, 1995.*
Decided: Feb. 1, 1995.
 
 Before: WALLACE, Chief Judge, HALL and KLEINFELD, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Gabriel Navarrete-Conradino, a native and citizen of El Salvador, petitions pro se for review of the Board of Immigration Appeals' ("BIA") dismissal of his appeal from the immigration judge's ("IJ") decision finding him deportable and ineligible for any form of discretionary relief from deportation.
 
 
 3
 In his petition, Navarrete-Conradino does not challenge the merits of the IJ's decision, but instead contends that his due process rights were violated at his deportation hearing because the IJ denied his motion for a fourth continuance and ordered him to proceed without counsel. We have jurisdiction pursuant to 8 U.S.C. Sec. 1105a(a), and we deny the petition for review.
 
 
 4
 * Background
 
 
 5
 Navarrete-Conradino entered the United States in 1976 and became a legal permanent resident in 1990.
 
 
 6
 In August 1991, he was convicted in California state court of possession of cocaine, a felony. On August 26, 1993, the Immigration and Naturalization Service ("INS") issued Navarrete-Conradino an order to show cause why he should not be deported pursuant to 8 U.S.C. Sec. 1251(a)(2)(B)(i) based on his cocaine conviction.
 
 
 7
 On November 9, 1993, the IJ held the first deportation hearing. Although an attorney had filed a notice of appearance on behalf of Navarrete-Conradino, the attorney failed to attend the hearing. The IJ explicitly informed Navarrete-Conradino that he had a right to counsel at his own expense and provided him with a list of local legal aid organizations that provided representation for little or no money. Navarrete-Conradino informed the IJ that he wanted to find a lawyer to represent him, but that he was scheduled to serve thirty-five days in jail for a driving under the influence conviction, starting on November 19.
 
 
 8
 The IJ continued the deportation hearing until January 18, 1994 to allow Navarrete-Conradino the opportunity to obtain counsel.
 
 
 9
 The January 18, 1994 hearing was subsequently rescheduled to January 7, 1994, because the IJ was going to be unavailable on January 18. At the hearing, Navarrete-Conradino informed the IJ that he had served his jail time and been released on December 29, 1993. Navarrete-Conradino also informed the IJ that he failed to find counsel because he had been busy taking care of matters relating to his small trucking business. The IJ continued the hearing until January 27, 1994, but warned Navarrete-Conradino that if he did not have counsel by then, he would have to proceed on his own.
 
 
 10
 On January 27, 1994, the hearing resumed and Navarrete-Conradino was still without counsel. The IJ initially ruled that Navarrete-Conradino had been given enough time to locate counsel and that, therefore, he would have to represent himself. Nevertheless, because the INS counsel did not have Navarrete-Conradino's case file, the IJ continued the case until February 7, 1994. The IJ told Navarrete-Conradino that if he had counsel at the time of the new hearing, the IJ would allow counsel to represent him.
 
 
 11
 On February 7, 1994, Navarrete-Conradino appeared at his deportation hearing without counsel and, despite Navarrete-Conradino's protest, the IJ ruled that he would have to represent himself. The IJ thereafter found Navarrete-Conradino to be deportable, based on his cocaine conviction, and ineligible for any form of discretionary relief from deportation.
 
 
 12
 Navarrete-Conradino appealed to the BIA, raising the same issues which he has presented in the instant petition for review. The BIA ruled that the IJ's denial of the continuance was proper and that, in any case, Navarrete-Conradino was not prejudiced by his lack of counsel because he was statutorily ineligible for any form of relief from deportation.
 
 II
 Standard of Review
 
 13
 We review de novo a claim alleging a due process violation. Reyes-Palacios, 836 F.2d 1154, 1155 (9th Cir. 1988). The IJ's decision to grant or deny continuances, however, is in the sound discretion of the IJ and will not be overturned except on a showing of clear abuse. Rios-Berrios, 776 F.2d 859, 862 (9th Cir. 1985). "[W]hether a denial of a continuance in an immigration proceeding constitutes an abuse of discretion cannot be decided through the application of bright-line rules; it must be resolved on a case by case basis according to the facts and circumstances of each case." Baires v. INS, 856 F.2d 89, 91 (9th Cir. 1988) (citing Rios-Berrios, 776 F.2d at 862).
 
 III
 Merits
 
 14
 Navarrete-Conradino contends that his due process rights were violated at his deportation hearing because the IJ denied his motion for a continuance and ordered him to proceed without counsel. This contention lacks merit.
 
 
 15
 "An alien is entitled to a fair deportation hearing which includes the opportunity to have counsel present at no expense to the government." Reyes-Palacios, 836 F.2d at 1155. Failure to accord an alien this right may, in the light of the entire administrative record, be an abuse of discretion and violate due process. Baires, 856 F.2d at 91. Nonetheless, after petitioner has been afforded "a reasonable period of time" to obtain counsel, "the hearing officer may properly conclude that the alien has been unable to do so." Id. at n.4 (citing Vides-Vides v. INS, 783 F.2d 1463, 1470 (9th Cir. 1986)).
 
 
 16
 Here, Navarrete-Conradino's deportation hearing was continued three times over a period of almost three months. Two of these continuances were expressly granted to allow Navarrete-Conradino an opportunity to locate counsel. In addition, the IJ repeatedly warned Navarrete-Conradino that if he failed to secure counsel, he would be required to represent himself. Given these circumstances, the IJ did not abuse his discretion by refusing to grant a fourth continuance. See Rios-Berrios, 776 F.2d at 862; Vides-Vides, 783 F.2d at 1470 (where alien failed to obtain counsel after four months and two continuances, IJ justified in proceeding with hearing).[1]
 
 
 17
 PETITION FOR REVIEW DENIED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed. R. App. P. 34(a); 9th Cir. R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3
 
 
 [1]
 Because we find that Navarrete-Conradino was not denied due process by the IJ's denial of a fourth continuance, we need not determine whether Navarrete-Conradino suffered any prejudice from the denial. See Nicholas v. INS, 590 F.2d 802, 809 (9th Cir. 1979) (an alien "has been denied the full and fair hearing which due process provides only if the thing complained of causes the alien to suffer some prejudice.")