53 F.3d 338
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 Ever Rudy GONZALEZ, Petitioner,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 Nos. 94-70289, 94-70758.
 United States Court of Appeals, Ninth Circuit.
 Submitted April 19, 1995.*
Decided April 26, 1995.
 
 Before: BROWNING, SNEED, and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Ever Rudy Gonzalez, aka Ever Rudy Chicas, a native and citizen of El Salvador, petitions pro se for review of the Board of Immigration Appeals' ("BIA") final order of deportation and subsequent order denying Gonzalez's motion to reopen.[1]
 
 
 3
 Gonzalez contends that, with respect to the BIA's final order of deportation, the BIA erred by affirming the immigration judge's ("IJ") finding of deportability because: (1) the IJ denied him his right to counsel; and (2) his deportability could not be established on the basis of his February 5, 1982 entry without inspection.
 
 
 4
 With respect to the BIA's denial of his motion to reopen, Gonzalez contends that the BIA erred by ruling that: (1) he was ineligible for discretionary relief from deportation under section 212(c) of the Immigration and Nationality Act ("INA"), 8 U.S.C. Sec. 1182(c); and (2) he would be denied such relief, even if eligible, in the exercise of its discretion because of his use of dilatory tactics.
 
 
 5
 We have jurisdiction pursuant to 8 U.S.C. Sec. 1105a(a), and we grant the petition for review and remand for further proceedings consistent with this opinion.
 
 
 6
 * Background
 
 
 7
 On February 5, 1982, Gonzalez, twelve years old at the time, entered the United States with friends and without inspection. He joined his family, who were already living in the United States, apparently without permission to do so. On July 22, 1987, he and his mother became legal permanent residents.
 
 
 8
 On September 12, 1990, Gonzalez was convicted of possessing cocaine in California Superior Court and sentenced to serve a two-year prison term. On February 1, 1992, he was convicted of robbery in the second degree in California Superior Court and sentenced to serve a three-year prison term, part of which was to run concurrently with his sentence for the cocaine conviction.
 
 
 9
 On August 13, 1993, the Immigration and Naturalization Service ("INS") issued an Order to Show Cause ("OSC") why Gonzalez should not be deported for entering the United States without inspection in 1982, pursuant to INA Sec. 241(a)(1)(B), 8 U.S.C. Sec. 1251(a)(1)(B), and for his conviction for possession of cocaine, pursuant to INA Sec. 241(a)(2)(B)(i), 8 U.S.C. Sec. 1251(a)(2)(B)(i). On October 8, 1993, the OSC was served on Gonzalez.
 
 
 10
 Although the administrative record does not contain a transcript of any proceeding prior to January 25, 1994, a Notice of Hearing dated November 5, 1993 indicates that a hearing was scheduled for November 18, 1993. At the November 18 hearing, Gonzalez was apparently granted a continuance to seek an attorney and to file a claim for asylum.[2]
 
 
 11
 By letter dated December 28, 1993, after Gonzalez had filed his asylum application, the Executive Office of Immigration Review informed Gonzalez that his hearing was scheduled for February 22, 1994. The hearing was subsequently rescheduled, however, for January 25, 1994. The record contains neither an explanation for the rescheduling nor formal notification of it to Gonzalez (who was in INS custody at the time).[3]
 
 
 12
 On January 25, 1993, Gonzalez's deportation hearing was held. The IJ noted for the record the presence of Gonzalez and the fact that he was pro se. The IJ did not, however, advise him of his right to counsel; nor did the IJ ascertain whether he wished to waive his right to counsel, and, if not, whether there was sufficient cause to grant Gonzalez more time to obtain counsel. Thereafter, the IJ questioned Gonzalez, who admitted the factual charges in the OSC and stated briefly his reason for applying for political asylum. Gonzalez also stated that he was a legal permanent resident, but did not have his resident alien card with him at the hearing. The INS, moreover, could not confirm Gonzalez's status as a legal permanent resident.
 
 
 13
 At the conclusion of the hearing, the IJ ruled that Gonzalez was deportable as charged in the OSC, and ineligible for asylum and voluntary departure. The IJ also ruled that, whether or not Gonzalez was a legal permanent resident, he would be ineligible for section 212(c) relief because he had not accrued the requisite seven years of consecutive residence.
 
 
 14
 On May 18, 1994, the BIA dismissed Gonzalez's appeal and denied his motion to remand. The BIA ruled, inter alia, that Gonzalez's hearing had not been unfair because; (1) his initial hearing had been held in October and, thus, he had had three months to obtain counsel; (2) he did not request a continuance in order to obtain counsel or for any other reason; (3) no prejudice resulted from the IJ's going forward with the January 25, 1994 hearing, because the IJ properly found him to be deportable as charged, ineligible for asylum or voluntary departure, and unable to apply for section 212(c) relief.
 
 
 15
 On June 6, 1994, Gonzalez filed a timely petition for review with this court.
 
 
 16
 On July 26, 1994, Gonzalez moved the BIA to reopen its decision of May 18, 1994, contending that while his petition for review was pending in this court, he had become eligible for section 212(c) relief. On October 11, 1994, the BIA denied Gonzalez's motion to reopen.
 
 
 17
 On November 15, 1994, Gonzalez timely filed a petition for review of the BIA's order denying his motion to reopen.
 
 II
 Standard of Review
 
 18
 We review de novo the BIA's determination of purely legal questions regarding the requirements of the INA. Hartooni v. INS, 21 F.3d 336, 340 (9th Cir.1994); Abedini v. INS, 971 F.2d 188, 190 (9th Cir.1992).
 
 III
 Merits
 Denial of Right to Counsel
 
 19
 Gonzalez contends that the BIA erred by affirming the IJ's finding of deportability because the IJ denied him his right to counsel by: (1) failing to advise him of this right, as required by 8 C.F.R. Sec. 242.16(a); and (2) allowing him to proceed pro se without (a) ascertaining whether he wished to waive his right to counsel, and (b) informing him of his right to request a continuance. This contention has merit.
 
 
 20
 "An alien is entitled to a fair deportation hearing which includes the opportunity to have counsel present at no cost to the government." Reyes-Palacios v. INS, 836 F.2d 1154, 1155 (9th Cir.1988). "Failure to accord an alien this right may, in the light of the entire administrative record, be an abuse of discretion, requiring remand." Castro-O'Ryan v. INS, 847 F.2d 1307, 1312 (9th Cir.1987). "Indeed, if the prejudice to the alien is sufficiently great, the constitutional guarantee of due process may be violated." Baires v. INS, 856 F.2d 89, 91 (9th Cir.1988). We need not, however, reach the constitutional issue if we find that the statutory right[4] was not waived and that failure to accord it prejudiced the petitioner. Id.
 
 
 21
 Here, the IJ denied Gonzalez his statutory right to counsel at the continued hearing when he "failed to inquire 'whether [he] waived his right to counsel, and, if not, whether there was sufficient cause to grant [him] more time to obtain counsel.' " Reyes-Palacios, 836 F.2d at 1155-56 (quoting Colindres-Aguilar v. INS, 819 F.2d 259, 261 (9th Cir.1987)); see also Castro-Nuno v. INS, 577 F.2d 577, 579 (9th Cir.1978) (inquiry at continued hearing required to preserve right to representation); 8 C.F.R. Sec. 242.13 (IJ may grant continuance of hearing "for good cause shown"). The IJ's failure was, moreover, especially egregious given the circumstances of this case.
 
 
 22
 First, as the INS concedes, there is no evidence in the record to indicate that Gonzalez (who was at the time in INS custody) was ever formally notified that his continued hearing, originally calendared for February 22, 1993, was rescheduled for January 25, 1993. Thus, there is support for Gonzalez's contention that he was completely surprised and unprepared when the hearing began on January 25 and could have shown "good cause" on that basis for a continuance of his hearing. See Reyes-Palacios, 836 F.2d at 1155-56; Colindres-Aguilar, 819 F.2d at 261; 8 C.F.R. Sec. 242.13.
 
 
 23
 In addition, when the hearing did begin, the IJ not only failed to make the ultimate inquiry as to whether Gonzalez wished to waive his right to counsel, but failed even to notify Gonzalez that he had a right to counsel at all, although he is required to do so by regulation. 8 C.F.R. Sec. 242.16(a); see Acewicz v. INS, 984 F.2d 1056, 1062 (9th Cir.1993) ("INS regulations require immigration judges to: (1) notify an alien at his deportation hearing of his right to representation at no expense to the government; (2) advise him of the availability of free legal services in the district where the deportation hearing is held; and (3) ascertain whether the alien desires representation and has received a list of legal services programs.").
 
 
 24
 Thus, under the circumstances of this case, it is clear that Gonzalez was denied his right to counsel. We find, moreover, that his statutory right to counsel was violated because he was prejudiced by the denial of his right to counsel.
 
 
 25
 As we have previously observed, "with only a small degree of hyperbole, the immigration laws have been termed second only to the Internal Revenue Code in complexity." Castro-O'Ryan, 847 F.2d at 1312 (internal quotation omitted). Thus, "a lawyer is often the only person who could thread the labyrinth." Id. We have additionally indicated that "[t]he importance of counsel, particularly in asylum cases where the law is complex and developing, can neither be overemphasized nor ignored." Reyes-Palacios, 836 F.2d at 1155. Here, we are convinced that had Gonzalez been represented by counsel, "counsel could have better marshalled specific facts in presenting petitioner's case for asylum and withholding of deportation." See Colindres-Aguilar, 819 F.2d at 262 (prejudice found where asylum case would be more advantageously presented by counsel); Rios-Berrios, 776 F.2d 859, 863 (9th Cir.1985) (same). Consequently, because he was prejudiced by the denial, his statutory right to counsel was violated. Id.
 
 
 26
 Accordingly, we grant the petition for review, vacate the order of deportation, and remand the case to permit new proceedings to consider, inter alia, Gonzalez's deportability[5], as well as his applications for asylum, and section 212(c) relief.[6]
 
 
 27
 PETITION FOR REVIEW GRANTED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4. The government's request for oral argument is denied
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Gonzalez's petitions were consolidated pursuant to section 106(a)(6) of the Immigration and Nationality Act, 8 U.S.C. Sec. 1105a(a)(6) ("any review sought with respect to a motion to reopen or reconsider [a final order of deportation] shall be consolidated with the review of the order [of deportation]"). See Ogio v. INS, 2 F.3d 959, 960-61 (9th Cir.1993)
 
 
 [2]
 Again, the record contains no transcript of this proceeding and the INS has informed us that they, in turn, were informed by the Executive Office of Immigration Review that it possesses neither transcripts nor tapes of any hearing, save the one held on January 25, 1994. We take this information regarding the November 18 hearing from the March 16, 1994 INS Reply Brief to the BIA, which is contained in the record
 
 
 [3]
 In addition, Gonzalez contends that he was taken before the IJ without actual notice
 
 
 [4]
 The applicable statutory provisions provide that an alien "shall have the privilege of being represented (at no expense to the Government) by such counsel ... as he shall choose." 8 U.S.C. Secs. 1252(b)(2) and 1362
 
 
 [5]
 Because we remand the case for a new hearing, we do not reach the issue of whether Gonzalez, as a legal permanent resident, may be deported for an illegal entry which occurred prior to his admission/adjustment of status as a legal permanent resident
 
 
 [6]
 Although we do not reach the issues raised by Gonzalez regarding his attempted application for section 212(c) relief, we note that an alien is eligible to be considered for section 212(c) relief notwithstanding the fact that he had not accrued seven consecutive years of residence prior to his appeal from the decision of the BIA. See Wall v. INS, 722 F.2d 1442, 1444-45 (9th Cir.1984)