Chaban RACHDI, Petitioner,

v.

IMMIGRATION AND
NATURALIZATION SERVICE,
Respondent.

No. 99–71234.

I & NS No. A76 665 761.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted March 9, 2001.

Decided Aug. 1, 2001.

Before HUG and B. FLETCHER,
Circuit Judges, KING, District Judge.[1]

1. The Honorable Samuel P. King, Senior United States District Judge for the District of Hawaii, sitting by designation.

MEMORANDUM [2]

Petitioner Chaban Rachdi ("Rachdi"), a native and citizen of Algeria, petitions for review of the decision of the Board of Immigration Appeals ("BIA") affirming an Immigration Judge's ("IJ") order denying his request for withholding of removal. Rachdi contends that the BIA erred in finding that (1) he did not prove that he will more likely than not face persecution because of his political opinion if he returns to Algeria; (2) the IJ's conduct of the removal proceedings did not deny him of his right to due process; and (3) the IJ had no duty to consider his claim under the Convention Against Torture ("Convention"). We find the first two contentions meritless, but find error in the BIA's determination as to Rachdi's Convention claim.

■■■■ Substantial evidence supports the BIA's conclusion that Rachdi's fears of persecution are based on "general allegations of political upheaval" rather than on evidence of specific events. An applicant for withholding of removal must establish that persecution because of a statutorily-protected ground "is more likely than not" to occur. 8 C.F.R. § 208.16(b)(1); *Korablina v. INS*, 158 F.3d 1038, 1045–46 (9th Cir.1998). Specifically, to show persecution because of political opinion, an applicant must offer evidence that he or she (1) holds a political opinion; (2) has been a victim of persecution; (3) is known by the persecutors to hold such a political opinion; and (4) has been or will be persecuted because of the opinion. *Gonzales–Neyra v. INS*, 122 F.3d 1293, 1296 (9th Cir.1997), *as amended*, 133 F.3d 726 (9th Cir.1998) (citing *Sangha v. INS*, 103 F.3d 1482, 1487 (9th Cir.1997)).

■■■■ Rachdi served in the Algerian army from 1989–1992. Five years after he completed his military service, the army asked him to serve again. He refused because he heard from his father that the army was asking its soldiers to kill innocent civilians. Rachdi's conscientious objection to killing civilians constitutes a political opinion. *Barraza Rivera v. INS*, 913 F.2d 1443, 1450–51 (9th Cir.1990). In 1997, army personnel visited Rachdi's home while Rachdi was absent, abducted his brother, and left a message with his father threatening to kill him if he did not return to the army. Death threats alone can constitute persecution. *See, e.g., Ernesto Navas v. INS*, 217 F.3d 646, 658 (9th Cir.2000). However, Rachdi has not established a nexus between the alleged persecution and his political opinion as required by the withholding statute. *INS v. Elias–Zacarias*, 502 U.S. 478, 112 S.Ct. 812, 816–17, 117 L.Ed.2d 38 (1992). Rachdi never expressly or implicitly revealed his views to army personnel; he simply fled. Therefore, the army could not have been aware of Rachdi's political opinion, much less threaten him "because of" his opinion.

■■■■ Alternatively, Rachdi argues that he will be persecuted because of a political opinion imputed to him by his persecutors. *Canas–Segovia v. INS*, 970 F.2d 599, 601–02 (9th Cir.1992). He does not claim membership in a family reputed to be politically active, or in an organization well-known for activity likely to incur the anger of the Algerian military or government. Nor does the fact that the army abducted Rachdi's brother mean that it harassed Rachdi's family because of certain political opinions it imputed to them. The evidence suggests that the army conscripted Rachdi's brother because he had never served

**2.** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

in the military. Accordingly, the BIA did not err in rejecting imputation of political opinion as a basis for denying Rachdi's application for withholding.

Rachdi next argues that he did not knowingly and intelligently waive his right to counsel, was given insufficient access to an attorney, and was prejudiced by the lack of legal representation at his removal hearing. Aliens have a statutory and due process right to counsel, at their own expense, at removal hearings. 8 U.S.C. § 1252(b); *Acewicz v. INS*, 984 F.2d 1056, 1062 (9th Cir.1993). An alien may intelligently and voluntarily waive the right to counsel, but the IJ must exercise care to protect the right. *Reyes–Palacios v. INS*, 836 F.2d 1154, 1155 (9th Cir.1988) (per curiam).

In this case, the IJ apprised Rachdi of his right to representation, informed him that free or reduced fee legal services were available, and provided him with a list of such legal service providers. The IJ specifically ascertained whether Rachdi wanted legal representation, and when Rachdi answered yes, the IJ afforded him a reasonable amount of time to retain counsel. Rachdi ultimately appeared at his removal hearing without an attorney. And although Rachdi now complains about the difficulty of finding a lawyer due to the inadequacy of the list of legal services he received, his limited access to a phone, and his limited English speaking ability, he did not raise these concerns before the IJ. Moreover, contrary to Rachdi's contention, the IJ discharged his duty as an examiner by responding to Rachdi's testimony with appropriate follow-up questions and relying on current country reports. Under these circumstances, the BIA correctly determined that the IJ safeguarded Rachdi's due process rights. *See Acewicz*, 984 F.2d at 1062.

With regard to Rachdi's Convention claim, the BIA held that the IJ had no duty to consider a claim under the Convention because Rachdi presented no evidence of persecution. However, as we recently held in *Kamalthas v. INS*, 251 F.3d 1279 (9th Cir.2001), the eligibility criteria for relief under the regulations implementing the Convention are distinct from those for asylum or withholding of removal. *Id.* at 1283. In holding that the IJ had no duty to consider a claim under the Convention because Rachdi presented no evidence of persecution, the BIA "failed to recognize the central distinction that claims for relief under the Convention are analytically separate from claims for asylum under INA § 208 and for withholding of removal under INA § 241(b)(3)." *Id.* To be eligible for relief under the Convention, a petitioner must show "that it is more likely than not that he or she will be tortured if removed to the proposed country of removal." 8 C.F.R. § 208.16(c)(2). Thus, the IJ's conclusion that Rachdi had not established evidence of persecution is irrelevant to whether relief should be granted under the Convention. We therefore grant Rachdi's petition and remand to the BIA with instructions to remand to the IJ for consideration of whether Rachdi is entitled to relief under the Convention.

PETITION GRANTED; REVERSED, IN PART, AND REMANDED.