**Cesar Naar RAFFIN, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

**No. 04–73535.**

United States Court of Appeals, Ninth Circuit.

Submitted July 11, 2005.*

Decided July 21, 2005.

---

** The Honorable Charles R. Weiner, Senior Judge, United States District Court for the Eastern District of Pennsylvania, sitting by designation.

*** This disposition is not appropriate for publication and may not be cited to or . by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

* This panel unanimously finds this case suitable for decision without oral argument. *See*

James L. Rosenberg, Esq., Law Offices of James L. Rosenberg, Los Angeles, CA, for Petitioner.

CAC–District Counsel, Esq., Office of the District Counsel, Los Angeles, CA, Ronald E. LeFevre, Chief Counsel, Office of the District Counsel, San Francisco, CA, Linda S. Wendtland, Esq., U.S. Department of Justice, Washington, DC, for Respondent.

Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the

Before: SCHROEDER, Chief Judge, RAWLINSON and BYBEE, Circuit Judges.

### MEMORANDUM **

Cesar Naar Raffin, a native and citizen of Argentina, petitions for review of the Board of Immigration Appeals' ("BIA") decision, which affirmed the Immigration Judge's ("IJ") order denying his application for asylum, withholding of removal, relief under the Convention Against Torture, and his motion for a continuance. We have jurisdiction under 8 U.S.C. § 1252. We deny the petition.

"Where, as here, the BIA adopts the IJ's decision while adding its own reasons, we review both decisions." *See Kataria v. INS*, 232 F.3d 1107, 1112 (9th Cir.2000). The court reviews claims of due process violations de novo. *Reyes–Palacios v. INS*, 836 F.2d 1154, 1155 (9th Cir.1988). The court reviews the decision to deny a continuance for abuse of discretion. *Baires v. INS*, 856 F.2d 89, 91 (9th Cir. 1988).

We conclude that the IJ's denial of a continuance did not violate Raffin's right to obtain counsel because Raffin waived his right to counsel at his hearing. *Cf. Reyes–Palacios*, 836 F.2d at 1155. Furthermore, we conclude that the IJ's denial of a continuance did not constitute an abuse of discretion, because Raffin had been granted two continuances, and because he was able to present his asylum

courts of this circuit except as provided by Ninth Circuit Rule 36–3.

claim. *Cf. Rios–Berrios v. INS,* 776 F.2d 859, 862–63 (9th Cir.1985).

**PETITION FOR REVIEW DENIED.**