Jose Alfredo
**COLINDRES–AGUILAR, Petitioner,**

**v.**

**IMMIGRATION AND NATURALIZA-TION SERVICE, Respondent.**

**No. 86–7157.**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Nov. 13, 1986.
Decided June 10, 1987.

Sherri J. Conrad, San Francisco, Cal., for the petitioner.

Mark C. Walters, Washington, D.C., for the respondent.

Before KENNEDY, BOOCHEVER and HALL, Circuit Judges.

CYNTHIA HOLCOMB HALL, Circuit Judge:

Jose Alfredo Colindres-Aguilar (Colindres-Aguilar) petitions for review of the Board of Immigration Appeals' (BIA) order denying his applications for asylum and withholding of deportation under 8 U.S.C. §§ 1158(a) and 1253(h). We grant the petition for review, vacate the BIA's order, and remand for further deportation proceedings.

## I

Petitioner, Colindres-Aguilar, a native and citizen of Guatemala, entered the United States in January of 1985 without inspection. On January 21, 1985, Colindres-Aguilar appeared at his deportation hearing without an attorney. The immigration judge advised petitioner of his right to counsel as required by 8 C.F.R. § 242.16(a)

(1986) and continued the hearing to allow him to obtain counsel.

Subsequently, while at the detention center, petitioner alleges he met with an attorney, David Myers, who helped him complete an asylum application. On February 1, 1985, Myers submitted a motion for extension of time to file this asylum application on behalf of petitioner. Although Myers did not sign the asylum application, he did sign the motion papers.

Notice of petitioner's continued hearing, set for April 4, 1985, was sent to petitioner on March 14, 1985. No notice was sent to Myers.

At the reconvened hearing on April 4, 1985, Colindres-Aguilar appeared without counsel. The record shows that at the beginning of the hearing, the immigration judge simply said, "I note the presence of [Colindres-Aguilar]. He is in pro se." Petitioner did not respond to this. The immigration judge then proceeded with the hearing.

Attorney Myers filed a Notice of Entry of Appearance on behalf of petitioner, which was dated April 4, 1985, but was officially marked as having been received by the INS on April 8, 1985. It is unknown whether the immigration judge knew of this Notice at the reconvened hearing on the morning of April 4. The immigration judge did have the petitioner's file before him, which most probably contained the motion signed by Attorney Myers and some notation of petitioner's initial request for representation.

At the hearing, the immigration judge denied Colindres-Aguilar's application for asylum and his request for withholding of deportation, and instead granted him the privilege of voluntary departure. On appeal, the BIA upheld the immigration judge's decision, also finding that there had been no denial of petitioner's right to counsel.

## II

Colindres-Aguilar argues that his right to counsel[1] was denied because he

---

1. Petitioner's right to counsel is a statutory right granted by Congress under 8 U.S.C. § 1362, and

did not expressly waive this right at the continued hearing, and, therefore, the immigration ·judge should have inquired whether such right was in fact waived. Petitioner argues that since such an inquiry would have revealed that he did not intend to waive the right to counsel, the judge should have continued the deportation hearing so as to give petitioner a chance to locate his counsel. *Rios-Berrios v. INS*, 776 F.2d 859, 862–63 (9th Cir.1985). We review de novo petitioner's due process claim that the judge should have inquired whether he had waived his right to counsel. *See Roque-Carranza v. INS*, 778 F.2d 1373, 1374 (9th Cir.1985).

■ In light of the circumstances of this case, we believe that the immigration judge should have first made some brief inquiry as to whether petitioner wished to have representation before proceeding with the continued deportation hearing. It is only after such an inquiry that the immigration judge could have decided whether petitioner waived his right to counsel, and, if not, whether there was sufficient cause to grant petitioner more time to obtain counsel. *See Castro-Nuno v. INS*, 577 F.2d 577, 579 (9th Cir.1978) (inquiry at continued hearing required to preserve right to representation); 8 C.F.R. § 242.13 (additional continuances to obtain counsel may be granted if "sufficient cause" is shown). *Cf. Ramirez-Durazo v. INS*, 794 F.2d 491, 499 (9th Cir.1986) (immigration judge fulfilled statutory obligation to advise alien of right to counsel by inquiring as to his representation at both the initial hearing and the resumed hearing).

The record before the immigration judge should have alerted him that petitioner desired counsel and may have obtained representation. *See Castro-Nuno*, 577 F.2d at 579. This record contained petitioner's statement made at the initial hearing clearly expressing his desire to have representation. It also contained the motion filed on behalf of petitioner which was signed by Attorney Myers. These strong indications in the record of petitioner's desire for representation prevent the immigration judge from assuming that petitioner's silence implies his waiver of his right to representation. This is particularly true where, as here, the alien does not speak English and is unfamiliar with this country and its legal procedures. *Cf. Rios-Berrios*, 776 F.2d at 862–63 (these considerations highlighted the immigration judge's abuse of discretion in granting two very short continuances). A simple inquiry, such as "Do you still wish to have counsel?" would have ensured that petitioner's right to representation was preserved.[2] *Castro-Nuno*, 577 F.2d at 578–79. The judge's statement that petitioner was appearing "pro se" is not a satisfactory inquiry into whether petitioner still desired representation in this case. It is unlikely that petitioner understood this term.

### III

■ The finding of the denial of the right to counsel alone does not require that petitioner prevail. In due process challenges, there must be a showing of prejudice. *Mohsseni Behbahani v. INS*, 796 F.2d 249, 251 (9th Cir.1986) (prejudice must

---

it is a right protected by the fifth amendment due process requirement of a full and fair hearing. *Rios-Berrios v. INS*, 776 F.2d 859, 862 (9th Cir.1985); *Ramirez v. INS*, 550 F.2d 560, 563 (9th Cir.1977).

**2.** This case is distinguishable from *Vides-Vides v. INS*, 783 F.2d 1463 (9th Cir.1986), where the immigration judge's refusal to grant a continuance was upheld. *Id.* at 1470. In that case, petitioner had been granted a second continuance, some discussion had apparently taken place regarding the absence of counsel, and the immigration judge had *decided* that petitioner "had had an adequate opportunity to obtain counsel." *Id.* at 1465. In *Vides*, it was "appar-

ent that [petitioner] simply was unable to secure counsel...." *Id.* at 1470. Here, one continuance had been granted. The record before the immigration judge indicated that Colindres-Aguilar had been represented by an attorney. Unlike *Vides*, the immigration judge here did not determine, after any exchange with petitioner, that an additional continuance was unwarranted. In sum, it is not at all "apparent" that Colindres-Aguilar was unable to secure representation.

In addition, there is no indication that Colindres-Aguilar's appearance without counsel was a delaying tactic or otherwise done in bad faith. *Castro-Nuno*, 577 F.2d at 579.

be shown in order to prevail on an ineffectiveness of counsel claim in deportation proceedings); *United States v. Nicholas-Armenta,* 763 F.2d 1089 (9th Cir.1985) (prejudice must be shown in order to prevail on the claim of denial of due process in a deportation hearing). However, it is unsettled whether there must be a showing of prejudice where, as in this case, counsel has been effectively denied. *Rios-Berrios,* 776 F.2d at 863.

We need not settle this question here, since we believe that the violation of the right to counsel was prejudicial to petitioner. *Rios-Berrios v. INS,* 776 F.2d 859, 863 (9th Cir.1985). Colindres-Aguilar was apparently able to obtain counsel, as indicated by Attorney Myers' filing of a motion and the Notice of Appearance on his behalf. Retained counsel could have better marshalled specific facts in presenting petitioner's case for asylum and withholding of deportation. *See id.* (prejudice found where asylum case would be "more advantageously presented" by counsel). Moreover, counsel could have urged the immigration judge to grant the petitioner the privilege of voluntary departure to Mexico instead of to Guatemala.[3]

## IV

We therefore find that petitioner was effectively denied his statutory right of representation. In light of this holding, it is unnecessary for us to reach Colindres-Aguilar's other contentions. The petition for review is granted, the order that Colindres-Aguilar voluntarily depart from the United States is vacated, and the case is remanded for further proceedings consistent with this opinion.

---

3. Voluntary departure to Mexico had been suggested earlier by an official from the Department of State.