931 F.2d 899
 Unpublished Disposition
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 
 Roderick Donald YING, Petitioner,
v.
UNITED STATES IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 90-70391.
 United States Court of Appeals, Ninth Circuit.
 Submitted April 29, 1991.*
Decided May 1, 1991.
 Before CANBY, KOZINSKI and FERNANDEZ, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Roderick Donald Ying, a native and citizen of Jamaica, petitions pro se for review of the Board of Immigration Appeals' ("BIA") decision dismissing his appeal and affirming the immigration judge's ("IJ") order of deportation.
 
 
 3
 Ying contends that (1) his due process rights to a fair trial were denied because he was mentally incompetent during his deportation hearings, (2) he is entitled to amnesty under the Immigration Reform and Control Act of 1986 ("IRCA"), (3) he is entitled to relief from deportation under 8 U.S.C. Sec. 1251(f), and (4) he is entitled to voluntary departure under 8 U.S.C. Sec. 1254(e). We have jurisdiction pursuant to 8 U.S.C. Sec. 1105(a) and affirm.
 
 
 4
 * FACTS
 
 
 5
 On June 4, 1986, the Immigration and Naturalization Service (INS) issued an Order to Show Cause ("OSC") charging Ying with deportability under 8 U.S.C. Sec. 1251(a)(1).[1] The OSC alleged that Ying had been deported in May 1981 and had reentered the United States in April 1982 in violation of 8 U.S.C. Sec. 1182(a)(17).[2]
 
 
 6
 At his initial deportation hearing on September 19, 1989, Ying, who was in INS custody, appeared pro se. The IJ granted Ying a one-week continuance to secure representation and gave Ying a list of local attorneys who might be willing to represent him for little or not cost.
 
 
 7
 At the continued hearing, Ying, still without counsel, indicated that he would represent himself. Ying then admitted the allegations in the OSC and conceded deportability. Ying also admitted that he had been deported at least three times and that he had been in jail several times for selling or possessing marijuana including three or four days in 1989 for marijuana possession. The IJ deferred her decision and continued the hearing for a week to allow Ying another opportunity to obtain counsel.
 
 
 8
 At the final hearing on October 3, 1989, Ying again appeared pro se, and the IJ ordered him deported for entering the United States without the permission of the Attorney General within five years of a previous deportation. See 8 U.S.C. Sec. 1182(a)(17). The IJ also found that Ying was ineligible for voluntary departure because of his drug convictions.[3]
 
 
 9
 Ying appealed to the BIA claiming that (1) the hearings violated his due process rights because he was mentally incompetent at the time of the hearings, (2) he was entitled to amnesty under the Immigration Reform and Control Act of 1986 ("IRCA"), and (3) he was married to an United States citizen and father of two United States citizen minors, and thus the IJ erred in not considering relief from deportation under 8 U.S.C. Sec. 1251(f) because of his family ties to United States citizens. The BIA dismissed Ying's appeal, and he timely petition this court for review, apparently raising these same contentions.
 
 II
 ANALYSIS
 
 10
 A. Due Process Violation: Mental Competency
 
 
 11
 Ying contends that he was denied his due process right to a fair hearing because he was not mentally competent during the deportation proceedings. This contention lacks merit.
 
 
 12
 It is well established that aliens have a due process right to a full and fair hearing protected by the fifth amendment to the United States Constitution. See Colindres-Aguilar v. INS, 819 F.2d 259, 261 (9th Cir.1987). Moreover, an alien who is mentally incompetent is entitled to procedural safeguards to ensure that his due process rights are protected. See, e.g., 8 U.S.C. Sec. 1252(b) (if "by reason of the alien's mental incompetency it is impracticable for him to be present, ... the Attorney General shall prescribe necessary and proper safeguards for the rights and privileges of such aliens"). Ying has failed to demonstrate on this record, however, that he was incompetent at his deportability, or that he was prejudiced by any incapacity at his hearing.[4] Ying was charged with deportability based on his entry into the United States in 1982 without the permission of the Attorney General after having been deported in 1981. Ying does not deny this charge nor does he contend that his mental illness affected the IJ's determination of deportability. Given these circumstances, Ying has failed to show prejudice, and we find no denial of due process. See Colindres-Aguilar, 819 F.2d at 261.
 
 B. Amnesty Under IRCA
 
 13
 Ying contends that he is entitled to amnesty under the IRCA. Ying, however, has failed to submit any evidence to the IJ, to the BIA, or to this court that he is eligible under IRCA or that he has filed any application, timely or otherwise, for amnesty under IRCA. Accordingly, we find this contention meritless.
 
 C. Section 1251(f) Relief from Deportation
 
 14
 Ying contends that he is eligible for relief from deportation pursuant to 8 U.S.C. Sec. 1251(f) because his wife and children are United States citizens. Section 1251(f) relief, however, is limited to aliens who were excludable at time of entry based on fraud or misrepresentation. See 8 U.S.C. Sec. 1251(f). Accordingly, section 1251(f) does not provide relief in situations like Ying's where the order of deportation was not based on fraud or misrepresentation but rather was based Ying's entry into the United States without the permission of the Attorney General within five year of a previous deportation. See 8 U.S.C. Sec. 1182(a)(17); Hames-Herrera v. Rosenberg, 463 F.2d 451, 454 (9th Cir.1972) (section 1251 relief not available to alien found deportable under section 1182(a)(17)). Accordingly, the BIA not err in denying Ying this type of relief.
 
 D. Voluntary Departure
 
 15
 Ying contends that the BIA erred by affirming the IJ's denial of voluntary departure. Pursuant to 8 U.S.C. Sec. 1254(e), an otherwise deportable alien may be granted voluntary departure in lieu of deportation. The alien bears the burden of establishing eligibility for voluntary departure, which is within the sound discretion of the Attorney General. See Villanueva-Franco v. INS, 802 F.2d 327, 330 (9th Cir.1986); Hernandez-Rivera v. INS, 630 F.2d 1352, 1356 (9th Cir.1980). Eligibility under 8 U.S.C. Sec. 1254(e) requires, in part, that the alien to be "a person of good moral character for at least five years immediately preceding his application for voluntary departure." Here, Ying admitted to having been repeatedly jailed on various drug charges prior to his seeking voluntary departure, including one conviction as recently as 1989. Under 8 U.S.C. Sec. 1101(f)(3), a person is not considered to be of "good moral character" if he is convicted of possession or use of a controlled substance. Accordingly, the BIA did not err in finding that Ying's admitted drug convictions made him ineligible for voluntary departure. See 8 U.S.C. Sec. 1254(e).
 
 
 16
 PETITION FOR REVIEW DENIED.
 
 
 
 *
 The panel unanimously finds this case suitable for disposition without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Section 1251(a)(1) provides that an alien is subject to deportation if the alien "was within one or more of the classes of aliens excludable by law existing at the time of ... entry." 8 U.S.C. Sec. 1251(a)(1)
 
 
 [2]
 Section 1182(a)(17) provides for the exclusion of "aliens who have been arrested and deported ... and who seek admission within five years ... of the date of such deportation or removal, unless prior to ... their attempt to be admitted ... the Attorney General has consented to their applying or reapplying for admission." 8 U.S.C. Sec. 1182(a)(17)
 
 
 [3]
 As an alternative ground, the IJ also stated that it would deny him voluntary departure as a matter of discretion based on his "lengthy immigration record."
 
 
 [4]
 A review of the transcript from Ying's deportation hearings reveals that Ying's statements and answers to questions were lucid and responsive. Included in his brief on appeal to the BIA, however, were evaluations from the Department of Health and Human Services which indicate that Ying suffers from mental problems