972 F.2d 1339
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Stanislaw GROCHOWSKI, Petitioner,
v.
U.S. IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 91-70322.
 United States Court of Appeals, Ninth Circuit.
 Submitted Aug. 21, 1992.*
Decided Aug. 26, 1992.
 
 Before HUG, D.W. NELSON and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Stanislaw Grochowski, a Polish national, seeks review of the Board of Immigration Appeals' (BIA) dismissal of his appeal from the Immigration Judge's (IJ) denial of his application for political asylum under 8 U.S.C. § 1158(a) and withholding of deportation under 8 U.S.C. § 1253(h). The IJ and BIA concluded that Grochowski failed to establish a well-founded fear of persecution. The BIA also rejected Grochowski's claim that his due process rights were violated because he was not represented by counsel at his hearing before the IJ. We affirm.
 
 
 3
 The Immigration and Nationality Act of 1952, as amended by the Refugee Act of 1980, provides a procedure for the discretionary grant of asylum. 8 U.S.C. § 1158(a); Kapcia v. I.N.S., 944 F.2d 702, 706 (10th Cir.1991). In order to obtain a grant of asylum, an alien must establish that he is a refugee within the meaning of 8 U.S.C. § 1101(a)(42)(A), which requires proof of past persecution or a well-founded fear of future persecution based on "race, religion, nationality, membership in a particular social group, or political opinion." De Valle v. I.N.S., 901 F.2d 787, 790 (9th Cir.1990). If the alien establishes refugee status, the Attorney General has discretion to grant or deny asylum. Id. at 789-90.
 
 
 4
 Under 8 U.S.C. § 1253(h), the Attorney General must refrain from deporting an alien if the alien has demonstrated a clear probability of persecution by "objective evidence that it is more likely than not that he or she will be subject to persecution upon deportation." I.N.S. v. Cardoza-Fonseca, 480 U.S. 421, 430 (1987). The well-founded fear standard provided in § 1158(a) is less stringent than the clear probability standard required under § 1253(h). I.N.S. v. Stevic, 467 U.S. 407, 425 (1984).
 
 
 5
 The BIA's asylum determination whether the alien's fear of persecution is well-founded is reviewed for substantial evidence. De Valle, 901 F.2d at 790; Florez-de Solis v. I.N.S., 796 F.2d 330, 333 (9th Cir.1986). Under this deferential review standard, we may not reverse the BIA "simply because we disagree with its evaluation of the facts, but only if we conclude that the ... evaluation is not supported by substantial evidence." De Valle, 901 F.2d at 790. If substantial evidence supports the BIA's determination that Grochowski's fear of persecution is not well-funded, it follows that he cannot satisfy the clear probability standard required for withholding of deportation. Id. at 793.
 
 
 6
 The BIA's finding that Grochowski's fear of persecution is not well-founded is supported by substantial evidence. As proof of past persecution, the main evidence proffered by Grochowski was his testimony about a 1985 arrest following a confrontation with police, which resulted in a two day detention and fine. By his own admission, however, Grochowski was somewhat drunk and argumentative with the police, a fact which seriously undercuts his claim that he was being harassed for his membership in the Solidarity movement.[1] Grochowski does not claim that he was ever arrested or detained because of his political beliefs after 1985. Moreover, Grochowski was continuously employed by a fishing company from 1985 until his defection in 1989 and was issued a seaman's book by the Polish government that permitted him to go ashore at various ports of call. The fact that the government permitted him to travel abroad freely in this fashion also supports a conclusion that the determination that Grochowski was not a victim of past persecution is supported by substantial evidence.
 
 
 7
 Grochowski has also failed to establish a well-founded fear of future persecution. As set forth above, Grochowski offered extremely weak evidence that he was ever subject to persecution or singled out by the government because of his political beliefs. Grochowski also claims that he fears future persecution because a friend who also sought asylum was questioned by the police "and then not heard from again." Grochowski has offered no evidence about either the reason for or the outcome of this alleged detention, however, and we agree with the BIA that this unsubstantiated testimony does not support a finding of well-founded fear of persecution.[2] Nor does Grochowski's unsubstantiated claim that he has had some difficulty contacting his mother in Poland give rise to a objectively reasonable well-founded fear of persecution. See Vilorio-Lopez v. I.N.S., 852 F.2d 1137, 1140 (9th Cir.1988) (alien must present specific facts through objective evidence to support finding of well-founded fear of persecution). In light of the specific facts negating a finding of past persecution and the absence of evidence about future persecution, as well the changed conditions in Poland acknowledged by Grochowski, we conclude that the BIA's determination that Grochowski's fear of prosecution is not well-founded is supported by substantial evidence.[3]
 
 
 8
 We also reject Grochowski's argument that his due process rights were violated because he was not represented by counsel at the hearing before the IJ. An alien is not entitled to government-appointed counsel at his deportation hearing. United States v. Cerda-Pena, 799 F.2d 1374, 1376 n. 2 (9th Cir.1986). Grochowski acknowledges that he was provided with a list of free legal services prior to the hearing as required by I.N.S. regulations. Moreover, even if there had been some error Grochowski has failed to establish that he was prejudiced by the absence of counsel before the IJ because the BIA's decision that he had not established a well-founded fear of persecution is clearly supported by substantial evidence. Colindres-Aguilar v. I.N.S., 819 F.2d 259, 261 (9th Cir.1987) (petitioner must show prejudice before deportation proceedings will be invalidated on due process grounds).
 
 
 9
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a) and 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Grochowski claimed he took part in Solidarity demonstrations beginning in 1981
 
 
 [2]
 Grochowski also argues that the IJ erred by failing to consider his argument that he faces persecution because of his action in applying for asylum, as shown by the experience of his friend who was questioned by the police. This argument lacks merit because the BIA did consider this argument and found it to be "wholly unsubstantiated." Even if the IJ had erred in failing to consider this argument, the fact that the BIA considered it would render any alleged error harmless. Elnager v. I.N.S., 930 F.2d 784, 787 (9th Cir.1991)
 
 
 [3]
 We note that in reaching its decision, the BIA took administrative notice of the change of government in Poland. Without deciding whether or not this is appropriate, we hold that even without consideration of such evidence, there was ample and substantial evidence to support the decision of the BIA