12 F.3d 1107
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Sargis PAPIKYAN, a.k.a. Sarkis Papikyan, Petitioner,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 92-70312.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Oct. 7, 1993.
Decided Nov. 18, 1993.
 
 1
 Before: HALL and RYMER, Circuit Judges, and FITZGERALD,* Senior District Judge.
 
 
 2
 MEMORANDUM**
 
 
 3
 Sargis Papikyan petitions for review of a Board of Immigration Appeals' (BIA) order affirming the immigration judge's (IJ) denial of his application for discretionary relief from deportation under section 212(c) of the Immigration and Nationality Act, 8 U.S.C. Sec. 1182(c).
 
 
 4
 * Papikyan was admitted to the United States as a refugee from Soviet Armenia in 1980 at the age of fifteen. On March 22, 1982, he was granted immigrant status. On March 6, 1990, he was convicted in California state court of possession of heroin with intent to sell. On May 14, 1991, he was served with an order to show cause or face deportation based on the drug conviction.
 
 
 5
 The deportation hearing was held on October 10, 1991. Papikyan was represented by his attorney from his aforementioned criminal trial. Papikyan's attorney admitted that he was unfamiliar with immigration law but wished assert "whatever rights he has" on behalf of Papikyan. The IJ noted that Papikyan had been a resident since 1982 and therefore may be eligible for a waiver of deportation under section 212(c). A one month continuance was granted by the IJ to prepare the 212(c) application whereupon the following exchange occurred.
 
 
 6
 IJ: Mr. Papikyan, if your application ... is prepared and filed on November the 8th at 8:30 [a.m.], then I would proceed with your hearing at that time. If no application is filed with me then I will have no choice under the law but to order your deportation. If you fail to appear in this Court on November 8th, I will assume that you have given up any desire to remain in the United States and I would in fact order your deportation. Have you understood all that's been said.
 
 
 7
 Papikyan: Yes, Your Honor.
 
 
 8
 IJ: Okay.
 
 
 9
 Neither Papikyan nor a representative appeared for the morning calendar call on November 8. The INS trial attorney stated that an assistant from the law office of Mr. Darakjian, Papikyan's new attorney, had communicated a request for a continuance due to Mr. Darakjian's trial schedule. The IJ set the matter over until 1:00 p.m. At 1:00 p.m. Papikyan and Mr. Hiller, an attorney from Darakjian's office were present. Hiller stated that he had no knowledge of the case, represented that Darakjian was currently in trial, and requested a continuance. The IJ requested a completed waiver from which Hiller did not have. The IJ ruled that Papikyan had abandoned his application for waiver.
 
 
 10
 IJ: [I]n the absence of any good reason why the application is not together and why it has not been presented to me, I'm going to find that Mr. Papikyan has abandoned his claim to relief under the Immigration Act. Since he was last convicted of possession for sale of heroin, there is no other relief available to him. So I will order his deportation from the United States first to France. If France will not accept it, then to the Soviet Union.
 
 
 11
 The Board of Immigration Appeals (BIA) affirmed the IJ's decision. The BIA found that Papikyan had not shown "good cause" for his failure to complete the application and, alternatively, that he had not been prejudiced by the action because he had not made a prima facie showing of eligibility. Papikyan has never completed a waiver application.
 
 II
 
 12
 Papikyan argues that the IJ's denial of a continuance resulted in a denial of due process or a violation of immigration regulations. The decision to deny a continuance is within the sound discretion of the IJ. Baires v. INS, 856 F.2d 89, 91 (9th Cir.1988). The decision will only be overturned on a showing of clear abuse. Rios-Berrios v. INS, 776 F.2d 859, 862 (9th Cir.1985). Yet, we must consider that "a myopic insistence upon expeditiousness in the face of a justifiable request for delay can render the right to defend with counsel an empty formality." Ungar v. Sarafite, 376 U.S. 575, 589 (1964).
 
 
 13
 * Papikyan contends that the IJ should have granted his lawyer's request for a continuance to secure immigration counsel. Because Papikyan's own attorney represented him in the October 10 hearing, and nothing substantive happened as to which immigration counsel's input would have made any difference, he was not effectively denied counsel. Nor did the denial of a continuance deprive Papikyan of effective assistance of counsel, because he has not shown prejudice. Colindres-Aguilar v. INS, 819 F.2d 259, 261-62 (9th Cir.1987) (allegation of ineffective assistance of counsel at deportation hearing requires a showing of prejudice). There was clear evidence of the heroin conviction which made Papikyan deportable; the IJ informed Papikyan of the possibility of a Sec. 212(c) waiver, and granted him a four-week continuance to prepare an application and find other counsel.
 
 B
 
 14
 Papikyan contends that the IJ abused his discretion by denying the request for a second continuance at the November 8 hearing, thus preventing him from having counsel of choice present evidence in support of a Sec. 212(c) waiver. Papikyan was not, however, denied any such opportunity on account of the IJ's refusing a further continuance. Instead, he had been given an additional thirty days to file an application for waiver, but did not do so. There was, accordingly, no other evidence to be presented. Given the time Papikyan had to prepare his application, and the explicit warning that his deportation would be ordered unless an application were filed by the date of the continued hearing, we cannot say the BIA erred in concluding that no other continuance was appropriate.
 
 
 15
 REVIEW DENIED.
 
 
 
 *
 The Honorable James M. Fitzgerald, Senior United States District Judge for the District of Alaska, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3