28 F.3d 104
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Carlos Porfirio AREVALO-FIGUEROA, Petitioner,
v.
U.S. IMMIGRATION & NATURALIZATION SERVICE, Respondent.
 No. 92-70736.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted May 2, 1994.
Decided May 23, 1994.
 
 1
 Before: KOZINSKI and TROTT, Circuit Judges, and WILLIAMS,* District Judge.
 
 
 2
 MEMORANDUM**
 
 
 3
 Carlos Arevalo-Figueroa petitions for review of the Board of Immigration Appeals' ("BIA") decision denying his motion to reopen his deportation proceedings and his motion to reconsider dismissal of his May 1989 appeal. The decision on an applicant's motion to reopen is reviewed for an abuse of discretion. INS v. Doherty, 112 S.Ct. 719, 725 (1992); see also INS v. Rios-Pineda, 471 U.S. 444, 449 (1985).
 
 
 4
 Arevalo-Figueroa claims he was denied his Sixth Amendment right to representation during his appeal. "The Sixth Amendment's guarantee of the right to counsel is not applicable to deportation proceedings," Ramirez v. INS, 550 F.2d 560, 563 (9th Cir.1977), but Congress has provided aliens "the statutory right to be represented by counsel of their choice, at no expense to the government," Baires v. INS, 856 F.2d 89, 91 (9th Cir.1988); accord Castro-O'Ryan v. INS, 847 F.2d 1307, 1312 (9th Cir.1988); Rios-Berrios v. INS, 776 F.2d 859, 862 (9th Cir.1985); 8 U.S.C. Sec. 1362 (1988). This right extends to appeals. Castro-O'Ryan, 847 F.2d at 1312; 8 U.S.C. Sec. 1362.
 
 
 5
 "Failure to accord an alien [the right to counsel] may, in the light of the entire administrative record, be an abuse of discretion, requiring remand. If the prejudice to the alien is sufficiently great, there may indeed be a denial of due process itself." Castro-O'Ryan, 847 F.2d at 1312-13 (citations omitted); see also Baires, 856 F.2d at 91. Thus, we must first determine whether Arevalo-Figueroa's statutory right to counsel was violated. If so, we must then determine whether the denial was prejudicial, and to what degree Arevalo-Figueroa may have been prejudiced.
 
 
 6
 Colindres-Aguilar v. INS, 819 F.2d 259 (9th Cir.1987), suggests that an alien is denied his or her right to counsel if an immigration judge ignores "strong indications" that the alien desires representation. Id. at 261. In the instant case, there were strong indications that Arevalo-Figueroa desired counsel on appeal. The record contained a notice of appeal (dated April 30, 1987) and a request to review the file (dated April 24, 1987), both of which were signed by Lubell. In fact, the BIA was aware that Lubell considered himself Arevalo-Figueroa's attorney when it rendered its decision, but did not recognize him as attorney on appeal because no notice of entry of appearance as attorney was in the record. This constituted a denial of the right to counsel.
 
 
 7
 Nevertheless, such denial was not prejudicial under the circumstances. The Ninth Circuit has "held that infringements of the right to counsel are prejudicial when counsel more effectively could have better marshalled specific facts or arguments in representing the petitioner's case for asylum or withholding of deportation." United States v. Villa-Fabela, 882 F.2d 434, 439 (9th Cir.1989), overruled in part by United States v. Proa-Tovar, 975 F.2d 592, 595 (9th Cir.1992); see also Colindres-Aguilar, 819 F.2d at 262. Lubell prepared Arevalo-Figueroa's motion to reconsider, which fully addressed Arevelo-Figueroa's arguments that the immigration judge did not properly balance the positive versus adverse factors and that the immigration judge did not consider the hardship that deportation would cause his family. Not only did Lubell have an opportunity to make these arguments, but the BIA considered--and rejected--them. Because the BIA reviewed counsel's substantive arguments and concluded that the immigration judge did not err, Arevalo-Figueroa suffered no prejudice by the absence of counsel on appeal.
 
 
 8
 Arevalo-Figueroa also argues that the BIA inadequately balanced equities in determining whether he should have been granted discretionary relief under 8 U.S.C. Sec. 1182(c). In deciding whether an alien should be granted such discretionary relief, the BIA balances adverse factors with social and humane considerations to determine whether Sec. 212(c) relief is in the best interests of this country. We "may set aside the BIA's denial of section 212(c) relief 'only if the Board failed to support its conclusions with a reasoned explanation based upon legitimate concerns.' " Ayala-Chavez v. INS, 944 F.2d 638, 642 (9th Cir.1991).
 
 
 9
 The BIA considered the equities argument both in Arevalo-Figueroa's initial appeal and in his motions to reconsider and reopen. The BIA found that Arevalo-Figueroa's convictions for illegal transportation of aliens were serious and therefore required him to make a showing of "outstanding equities." See Matter of Buscemi, 19 I & N Dec. 628, 633 (BIA 1988). However, an alien who demonstrates unusual or outstanding equities merely satisfies the threshold test; "such a showing does not compel that discretion to be exercised in his favor." Id. at 634. The BIA concluded that although Arevalo-Figueroa presented evidence of outstanding equities, he did not merit a favorable exercise of discretion. In reaching this conclusion, the BIA stated that it was "particularly sympathetic to the hardship that [Arevalo-Figueroa's] deportation" may cause his family, but nevertheless concluded that he should be denied discretionary relief. Because the BIA supported its conclusions with a reasoned explanation based upon legitimate concerns, we will not set aside the BIA's denial of Sec. 212(c) relief.
 
 
 10
 We DENY the petition for review.
 
 
 
 *
 The Honorable Spencer M. Williams, Senior District Judge for the District of Northern California, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3