53 F.3d 339
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 Fernando A. OCAMPO-FERNANDEZ, Petitioner,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 94-70122.
 United States Court of Appeals, Ninth Circuit.
 Submitted April 19, 1995.*
Decided April 27, 1995.
 
 Before: BROWNING, SNEED, and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Fernando A. Ocampo-Fernandez petitions for review of an order by the Board of Immigration Appeals (BIA) affirming the Immigration Judge's (IJ) order of deportation to Ecuador. Ocampo-Fernandez argues that he did not knowingly waive his right to counsel and the BIA abused its discretion by denying him a waiver of deportation pursuant to Sec. 212(c) of the Immigration and Naturalization Act, 8 U.S.C. Sec. 1182(c). We have jurisdiction under 8 U.S.C. Sec. 1105a(a). We grant the petition for review and remand for further proceedings.
 
 
 3
 Ocampo-Fernandez entered the United States over thirty years ago at the age of seven. He has lived continuously in the United States and has no family in Ecuador. His mother, brother, and minor daughter are United States citizens and three siblings are legal permanent residents. Ocampo-Fernandez served in the United States Army for three years until his honorable discharge in 1977.
 
 
 4
 The INS charged Ocampo-Fernandez as a deportable alien following his California conviction for possession of a controlled substance on November 20, 1987. At the initial hearing on July 9, 1991, Ocampo-Fernandez appeared without counsel. Judge Peters advised Ocampo-Fernandez that he had the right to retain counsel of choice at his own expense and gave him a list of volunteer lawyer organizations. Judge Peters asked, "Do you want time to try to get an attorney to help you in this case?" and Ocampo-Fernandez responded, "I'd like to represent myself for today." Ocampo-Fernandez conceded that he was deportable and the proceedings were continued to allow him time to file a Sec. 212(c) application.
 
 
 5
 At the next hearing, November 6, 1991, Ocampo-Fernandez requested a continuance to obtain counsel. When Judge Peters asked for an explanation, Ocampo-Fernandez stated that he had been enrolled in a live-in drug rehabilitation program. Judge Peters continued the hearing and warned Ocampo-Fernandez that "I'm going to give you one more chance to get an attorney, sir, but after that, you're going to have to proceed on your own because, in my opinion, from July until now, you've had a fair opportunity to get an attorney."
 
 
 6
 A different IJ, Judge Daniel, presided over the deportation hearing on February 5, 1992. Judge Daniels asked Ocampo-Fernandez "do you have a lawyer?" and Ocampo-Fernandez responded "No." Judge Daniel then asked Ocampo-Fernandez, "Do you still wish to have a hearing on your request for a waiver of deportation?" Ocampo-Fernandez replied, "I don't have a lawyer, sir." Judge Daniel chastised Ocampo-Fernandez that "[t]hat's not my question. My question is, do you still wish to have a hearing on your request ... for a waiver?" Ocampo-Fernandez responded, "Yes, Sir." Judge Daniel then proceeded to review the evidence and to instruct Ocampo-Fernandez to call his witnesses.
 
 
 7
 The immigration statutes and regulations entitle aliens to certain specified procedural protections including the right to be represented by counsel at no expense to the government. Baires v. INS, 856 F.2d 89, 91 (9th Cir. 1988); Castro-O'Ryan v. Dep't of Immig. & Nat., 847 F.2d 1307, 1312 (9th Cir. 1988). Denial of the statutory right to counsel may constitute an abuse of discretion requiring remand. Baires, 856 F.2d at 91; Castro-O'Ryan, 847 F.2d at 1312. In addition, the right to counsel is protected by the Fifth Amendment due process requirement of a full and fair hearing. Colindres-Aguilar v. INS, 819 F.2d 259, 260 n.1 (9th Cir. 1987).
 
 
 8
 A petitioner may intelligently and voluntarily waive the right to counsel, but the IJ must exercise care to protect the right. Reyes-Palacios v. United States INS, 836 F.2d 1154, 1155 (9th Cir. 1988) (per curiam). The IJ must at least inquire whether the petitioner wants representation before proceeding, particularly when the record should have alerted the IJ that the petitioner desired counsel. Colindres-Aguilar, 819 F.2d at 261.
 
 
 9
 Here, Ocampo-Fernandez told Judge Peters that he would proceed on his own for the purpose of the initial appearance. At the next hearing, Ocampo-Fernandez expressly stated his desire to obtain counsel. Given this record, Judge Daniels was required to make a simple inquiry as to whether Ocampo-Fernandez desired to represent himself at the hearing on his Sec. 212(c) application. See id. (granting petition because IJ should have been alerted that petitioner desired counsel when record showed an attorney had prepared an application for an extension of time).
 
 
 10
 The record does not establish that Ocampo-Fernandez intelligently and voluntarily waived his right to counsel. When Ocampo-Fernandez attempted to call Judge Daniels' attention to the fact that he did not have an attorney, Judge Daniels ignored him and proceeded with the hearing. See Castro-O'Ryan, 847 F.2d at 1311, 1313 (petitioner did not waive counsel by his laconic answer to the IJ's question "[do] you intend to speak for yourself today?"); Rios-Berrios v. INS, 776 F.2d 859, 863 (9th Cir. 1985) (petitioner did not waive right to counsel by remaining silent because IJ proceeded instantly to take evidence and intimidated him by warning that no further continuances would be granted).[1]
 
 
 11
 We have not determined whether a petitioner who has been effectively deprived of his statutory right to counsel must also demonstrate prejudice. Baires, 856 F.2d at 91 n.3 (collecting citations). Prejudice has been shown, however, when the IJ made legal errors in deciding the petition, Castro-O'Ryan, 847 F.2d at 1313-14; the petitioner's case could have been more effectively advanced by an attorney, Colindres-Aguilar, 819 F.2d at 262; Rios-Berrios, 776 F.2d at 863; or the petitioner's appellate attorney presented compelling evidence of petitioner's entitlement to relief from deportation, Reyes-Palacios, 836 F.2d at 1156.
 
 
 12
 Each of these circumstances is present in this case. The IJ committed legal error by failing to examine the individual basis of the drug conviction. See Elramly v. INS, No. 93-70369, 1995 WL 82905, at * 2 (9th Cir. Mar. 2, 1995). Ocampo-Fernandez entered a guilty plea to simple possession of cocaine. Because such a conviction may not be a "serious" drug offense, he may not be required to demonstrate "outstanding" equities in order to qualify for discretionary relief. See id. (IJ erred by automatically treating the sale of a small amount of hashish as a serious drug offense). The IJ committed another legal error by failing to consider all the relevant factors of Ocampo-Fernandez's rehabilitation. "Obvious considerations might include the lack of commission of any additional crimes; enrollment in and attendance at rehabilitation programs; statements of remorse; and letters of good character.... [T]he Board must offer more than a bald statement that there is no evidence of rehabilitation."Yepes-Prado v. United States INS, 10 F.3d 1363, 1372 n.19 (9th Cir. 1993).
 
 
 13
 Ocampo-Fernandez had considerable difficulty describing the facts surrounding his conviction and prior conviction and eliciting testimony from his witnesses. This illustrates that Ocampo-Fernandez's position could have been marshalled more effectively by an attorney. See Colindres-Aguilar, 819 F.2d at 262; Rios-Berrios, 776 F.2d at 863. Finally, the brief on appeal presents a compelling case that Ocampo-Fernandez may be entitled to Sec. 212(c) relief. See Reyes-Palacios, 836 F.2d at 1156.
 
 
 14
 Therefore, assuming that Ocampo-Fernandez is required to establish prejudice from the denial of his statutory right to counsel, we conclude that he has made a sufficient showing. Accordingly, the petition for review is granted and the matter remanded for proceedings consistent with this memorandum.
 
 
 15
 PETITION GRANTED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed. R. App. P. 34(a); 9th Cir. R. 34-4. We therefore deny petitioner's request for oral argument
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3
 
 
 [1]
 That Ocampo-Fernandez had obtained one continuance does not alter our conclusion. The regulations permit the petitioner to secure continuances for good cause. 8 C.F.R. Sec. 242.13 (1995); see Rios-Berrios, 776 F.2d at 862. Ocampo-Fernandez explained that he had been enrolled in a live-in drug rehabilitation program. He used the time to gather documents and arrange witnesses. There is no indication that Ocampo-Fernandez's appearance without counsel was a delaying tactic or otherwise done in bad faith. See Colindres-Aguilar, 819 F.2d at 261 n.2. "[W]e have cautioned that a 'myopic insistence upon expeditiousness in the face of a justifiable request for delay' can render the alien's statutory rights merely 'an empty formality."' Baires, 856 F.2d at 91 (quoting Rios-Berrios, 776 F.2d at 862)