60 F.3d 834
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 Mateo SEBASTIAN-PEDRO, Petitioner,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 94-70435.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 26, 1995.*
Decided July 3, 1995.
 
 On Petition for Review of an Order of the Board of Immigration Appeals, INS No. Awa-hmm-que.
 BIA
 PETITION GRANTED.
 Before: O'SCANNLAIN, LEAVY, and HAWKINS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Mateo Sebastian-Pedro, a native and citizen of Guatemala, petitions for review of an order by the Board of Immigration Appeals (BIA) dismissing his appeal of an Immigration Judge's (IJ) order of deportation. Sebastian-Pedro contends that his waiver of the right to counsel was neither competent nor intelligent, and that the IJ failed to inform him that free legal services were available. He also contends that the BIA erred by denying his application for asylum and withholding of deportation under 8 U.S.C. Secs. 1158(a) and 1253(h)(1). We have jurisdiction under 8 U.S.C.Sec. 1105a(a), and we grant petition for review and remand for further proceedings.
 
 
 3
 Sebastian-Pedro contends that because he was a minor at the time of his deportation hearing, his waiver of the right to counsel was neither competent nor intelligent.
 
 
 4
 Claims of due process violations in deportation proceedings are reviewed de novo. Getachew v. INS, 25 F.3d 841, 845 (9th Cir. 1994). The immigration statutes and regulations entitle aliens to certain specified procedural protections including the right to be represented by counsel at no expense to the government. Acewicz v. INS, 984 F.2d 1056, 1062 (9th Cir. 1993). In addition, the right to counsel is protected by the Fifth Amendment due process requirement of a full and fair hearing. Colindres-Aguilar v. INS, 819 F.2d 259, 260 n.1 (9th Cir. 1987).
 
 
 5
 A petitioner may intelligently and voluntarily waive the right to counsel, but the IJ must exercise care to protect the right. Reyes-Palacios v. United States INS, 836 F.2d 1154, 1155 (9th Cir. 1988) (per curiam). The Immigration and Nationality Act specifically requires the adoption of regulations to assure the right of counsel of one's choice. 8 U.S.C. Sec. 1252(b)(2); Rios-Berrios v. INS, 776 F.2d 859, 862 (9th Cir. 1985).
 
 
 6
 Whether a minor is competent to waive counsel is a question of fact entitled to serious consideration. See De Souza v. Barber, 263 F.2d 470, 477 (9th Cir.), cert. denied, 359 U.S. 989 (1959). Such consideration should take into account the minor's age, intelligence, education, information, and understanding and ability to comprehend. Id. "Infringements on the right to counsel are prejudicial when counsel could have better marshalled specific facts or arguments in presenting the petitioner's case for asylum and withholding of deportation." Acewicz, 984 F.2d at 1062.
 
 
 7
 Here, Sebastian-Pedro was 17 years old at the time of his deportation hearing, and had spent his entire life in a remote, mountainous region of Guatemala. He required the services of a Spanish translator because he did not speak English. At the initial hearing on May 11, 1993, the IJ advised Sebastian-Pedro of his right to be represented by counsel, informed him that he would provide a list attorneys, and asked if he wished to have an attorney speak for him. Sebastian-Pedro responded that he would speak for himself and the IJ continued the hearing and advised Sebastian-Pedro again of his right to be represented by counsel at the continued June 9, 1993, hearing. Sebastian-Pedro was accompanied at the hearing by a neighbor who apparently provided no advice or assistance during the procedure.
 
 
 8
 The record does not indicate that the IJ ascertained Sebastian-Pedro's education level, or considered his intelligence prior to accepting his waiver. Other than the IJ's limited questions regarding Sebastian-Pedro's understanding of Spanish and the nature of the proceedings, no other evidence was solicited to determine Sebastian-Pedro's competency to waive his right to representation. Moreover, the transcript of the immigration hearing suggests that Sebastian-Pedro did not understand the questions posed to him, and that the interpreter did not always understand Sebastian-Pedro's answers to questions asked.
 
 
 9
 Thus, the IJ failed to sufficiently establish that, in light of his age, education, and intelligence, Sebastian-Pedro was competent to waive his right to counsel. See De Souza, 263 F.2d at 477. Moreover, Sebastian-Pedro's incompetent waiver of counsel was also prejudicial. Given the record before this court, it appears that Sebastian-Pedro had a meritorious claim that he was persecuted on account of his political opinion, or in the alternative, on account of a political opinion imputed to him by the Guatemalan guerrillas.[1] Thus, an attorney could have better marshalled specific facts to support his application for asylum and withholding of deportation. See Acewicz, 984 F.2d at 1062.
 
 
 10
 Finally, the government moves under Fed. R. App. P. 27 to strike that portion of Sebastian-Pedro's reply brief which allegedly raises for the first time on appeal the issue that the IJ failed to advise Sebastian-Pedro of the availability of free legal services as required under 8 C.F.R. Sec. 242.16(a). The government's motion is denied. Sebastian-Pedro argued both before the BIA and in his opening brief to this court that he was incompetent to waive counsel. Because an alien's competency claim necessarily involves a determination about the "information" available to him, see De Souza, 263 F.2d at 477, we conclude that Sebastian-Pedro sufficiently raised the issue of whether the IJ informed him of the availability of free legal services.
 
 
 11
 Accordingly, we VACATE the BIA's order, and REMAND to the IJ for further proceedings.[2]
 
 
 12
 PETITION FOR REVIEW GRANTED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed. R. App. P. 34(a); 9th Cir. R. 34-4. Accordingly, Sebastian-Pedro's request for oral argument is denied
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3
 
 
 [1]
 The record indicates that the guerrillas believed that Sebastian-Pedro supported the government because of his father's membership in the Civil Patrol, and because of the pro-government statements he made during the time he was with the guerrillas. It also appears from the record that the guerrillas imputed the father's political opinion to Sebastian-Pedro
 
 
 [2]
 Because we conclude that Sebastian-Pedro was incompetent to waive counsel and vacate and remand on this basis, we decline to reach the merits of Sebastian-Pedro's asylum and withholding of deportation claim