UNPUBLISHED

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

REGINE CHANTALE ESSOME,
Petitioner,

v.

U.S. IMMIGRATION & NATURALIZATION
SERVICE,
Respondent.

No. 98-2033

On Petition for Review of an Order
of the Board of Immigration Appeals.
(A70-792-464)

Submitted: January 12, 1999

Decided: March 9, 1999

Before WIDENER and LUTTIG, Circuit Judges, and
BUTZNER, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Enid Gonzalez Aleman, Washington, D.C., for Petitioner. Frank W.
Hunger, Assistant Attorney General, David M. McConnell, Assistant
Director, Michelle E. Gorden, Office of Immigration Litigation,
UNITED STATES DEPARTMENT OF JUSTICE, Washington,
D.C., for Respondent.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Regine C. Essome petitions for review of a final order of the Board of Immigration Appeals ("BIA") denying her application for asylum and withholding of deportation. Because substantial evidence supports the BIA's decision, we affirm.

The Immigration and Nationality Act (Act) authorizes the Attorney General, in her discretion, to confer asylum on any refugee. See 8 U.S.C.A. § 1158(b)(1) (West Supp. 1998). The Act defines a refugee as a person unwilling or unable to return to her native country "because of persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion." 8 U.S.C.A. § 1101(a)(42)(A) (West Supp. 1998); see M.A. v. United States Immigration and Naturalization Serv., 899 F.2d 304, 307 (4th Cir. 1990) (en banc). The "well-founded fear of persecution" standard contains both a subjective and an objective component. An applicant may satisfy the subjective element by presenting "`candid, credible, and sincere testimony' demonstrating a genuine fear of persecution." Berroteran-Melendez v. INS, 955 F.2d 1251, 1256 (9th Cir. 1992); see Figeroa v. United States Immigration and Naturalization Serv., 886 F.2d 76, 79 (4th Cir. 1989). The objective element requires a showing of specific, concrete facts that would lead a reasonable person in like circumstances to fear persecution. See Huaman-Cornelio v. Board of Immigration Appeals, 979 F.2d 995, 999 (4th Cir. 1992).

In 1993 Essome, a native and citizen of Cameroon, entered the United States as a non-immigrant visitor and filed an application for asylum based on religious and political persecution. In the application Essome claimed that she feared returning to Cameroon due to her association with the Social Democratic Front ("SDF"), and because she was a Jehovah's Witness. In an accompanying affidavit she stated

2

that from 1987-89 her husband was an organizing member of the SDF, and that thereafter he was harassed, arrested, and ultimately killed on account of his political activities. In addition, she stated that her participation in Jehovah's Witness meetings posed a threat to her safety. On October 6, 1994, the Immigration and Naturalization Service ("INS") denied the asylum application, and thereafter issued an Order to Show Cause and Notice of Hearing regarding Essome's deportation based on her alien status.

Essome then filed a second application for asylum and withholding of deportation on the basis of political persecution. In her second asylum application and accompanying affidavit she elaborated on her participation in the SDF. She claimed that she had served as an official delegate of the SDF to the United States and Italy, and that the Cameroon government burned her house down in retaliation for her SDF involvement. She then described how her relationship with Colonel Martin Youmba, a high ranking official in the Cameroon government, enabled her to carry on her SDF activities after her husband's death, and that in December 1992 she traveled as an SDF delegate to Washington, D.C., to attend President Clinton's inauguration. In September 1993, however, while traveling in Italy on behalf of the SDF, she learned from Colonel Youmba that she was in great danger because the Cameroon government had ordered the Colonel to "neutralize" her. This prompted her to seek asylum in the United States. Essome explained that she failed to mention Colonel Youmba in her first application and affidavit out of respect for his wishes that she not reveal his name to anyone, but that she had since obtained his consent to use his name.

Following a hearing, the immigration judge ("IJ") denied Essome's application for asylum and withholding of deportation. On appeal to the BIA, Essome challenged the IJ's adverse credibility findings and further claimed that the IJ denied her a fair hearing. The BIA found that Essome's failure to object to the IJ's disruption and curtailment of her testimony foreclosed appellate review of the claim. Nonetheless, the BIA found that Essome failed to show prejudice from any alleged deficiency in her hearing because she failed to put forth satisfactory explanations for her inconsistent statements and because of the other contradictory evidence in the record.

3

Essome now reiterates her claim that she was denied a fair hearing before the IJ, and further contends that despite the unfair hearing, the evidence of record demonstrates her well-founded fear of persecution in Cameroon. We must uphold the BIA's determination that Essome is not eligible for asylum if the determination is "supported by reasonable, substantial, and probative evidence on the record considered as a whole." 8 U.S.C. § 1105a(a)(4) (1994). The decision may be "reversed only if the evidence presented by [Essome] was such that a reasonable factfinder would have to conclude that the requisite fear of persecution existed." INS v. Elias-Zacarias, 502 U.S. 478, 481 (1992). We review only the findings and orders of the BIA, see Huaman-Cornelio, 979 F.2d at 999, and its credibility and factual determinations are reviewed under the substantial evidence standard. Figeroa, 886 F.2d at 78.

We find that substantial evidence supports the BIA's determination that Essome failed to meet her statutory burden of demonstrating a well founded fear of persecution. The BIA articulated specific concerns about the inconsistent evidence presented in support of Essome's asylum applications. Specifically, it noted that Essome's claims with respect to the formation of the SDF and her husband's early activities with that organization in the late 1980's were contradicted by State Department reports indicating that the SDF was not formed until 1990. Further, the BIA found unsatisfactory Essome's proffered explanation for the substantive discrepancies in her two asylum applications. In particular, Essome failed to offer an adequate explanation for her abandonment of religious persecution as a basis for asylum. Although she now argues that minor discrepancies between asylum applications and an applicant's testimony are excusable, a change in the ground upon which one claims persecution is not a minor discrepancy. Essome asserts that her second application differed from her first because in preparing the first application she was unable to reveal events and circumstances that would betray the identity of Colonel Youmba, but the BIA noted significant events central to Essome's claim that she feared persecution on account of her SDF involvement that she could have presented in her first application without revealing Youmba's identity. Finally, the BIA questioned the authenticity of documents Essome presented in support of her claims of persecution, and noted the absence of probative evidence corroborating her claim that she held a high-profile position in the SDF. In

4

light of these findings, we must uphold the BIA's determination that Essome failed to present evidence demonstrating eligibility for asylum. See 8 U.S.C. § 1105a(a)(4) (1994).

We review de novo Essome's claim that the IJ denied her a fair hearing. See Figeroa, 886 F.2d at 78; Colindres-Aguilar v. INS, 819 F.2d 259, 261 (9th Cir. 1987) (recognizing due process claims in a deportation proceeding are reviewed de novo by courts of appeals). Petitioners in deportation proceedings must be afforded a "full and fair hearing that comports with due process." Vissian v. INS, 548 F.2d 325, 329 (10th Cir. 1977); see also Onyeme v. United States Immigration and Naturalization Serv., 146 F.3d 227, 234 (4th Cir. 1998) (quoting Rose v. Woolwine, 344 F.2d 993, 995-96 (4th Cir. 1965)). To obtain relief on her claim, however, Essome must show that she suffered prejudice from the alleged deficiencies in her hearing. Kuciemba v. INS, 92 F.3d 496, 501 (7th Cir. 1996); Colindres-Aguilar, 819 F.2d at 261. Initially, we are reluctant to agree with Essome that she was denied a fair hearing based on the IJ's alleged curtailment of her direct testimony when the IJ expressly offered counsel the opportunity to further question Essome. Nonetheless, we need not decide the more difficult question of whether Essome was denied a fair hearing before the IJ because she fails to show prejudice from the alleged deficiencies. See generally Gandarillas-Zambrana v. Board of Immigration Appeals, 44 F.3d 1251, 1255 (4th Cir. 1995). Essome's claims of high level SDF activism were unsupported by corroborative evidence, and the inconsistent evidence of record supports the BIA's adverse credibility findings. Although Essome asserts that the curtailment of her testimony before the IJ foreclosed her from explaining the inconsistencies in the record, she failed to proffer adequate explanations to the BIA to resolve the contradictory evidence. We thus conclude that she has not demonstrated prejudice in support of her claim that she was denied a fair hearing.

Because the BIA's decision is supported by substantial evidence and Essome fails to establish prejudice from the alleged deficiencies in her asylum hearing, we affirm the BIA's order. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

5