**Abdellah MOUKHLIS, Petitioner,**

v.

**IMMIGRATION AND NATURALIZATION SERVICE, Respondent.**

**No. 00–71275, 01–71064.
INS No. A29–241–771.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted April 11, 2002.

Decided April 30, 2002.

Before GOODWIN, THOMAS and W. FLETCHER, Circuit Judges.

## MEMORANDUM *

In these two consolidated cases, petitioner Abdellah Moukhlis appeals both the Board of Immigration Appeals' ("BIA") denial of his appeal from the Immigration Judge's ("IJ") order of deportation and the BIA's denial of his motion to reopen deportation proceedings. As the facts are known to the parties, we do not recite them here. Because the BIA's final order of deportation was entered after October 30, 1996 and deportation proceedings were initiated before April 1, 1997, we have jurisdiction pursuant to IIRIRA's transitional rules. *See* IIRIRA § 309(a), (c)(1); *Socop–Gonzalez v. INS*, 272 F.3d 1176, 1183 (9th Cir.2001) (en banc); *Kalaw v. INS*, 133 F.3d 1147, 1150 (9th Cir.1997).

*The IJ's Denial of a Continuance*

Moukhlis argues that he should be relieved from the BIA's order of deportation because the IJ infringed his due process rights by denying him a continuance to obtain new counsel. The INS argues that because Moukhlis only argued to the BIA that the IJ should have granted him a continuance to allow him to develop his

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

argument in favor of suspension of deportation (rather than renewing the application for waiver of petition), he has failed to exhaust his administrative remedies. We disagree with the INS that we lack jurisdiction to consider Moukhlis' petition, but we deny the petition on the merits.

Generally, "[f]ailure to raise an issue in an appeal to the BIA constitutes a failure to exhaust remedies with respect to that question and deprives this court of jurisdiction to hear the matter." *Vargas v. INS*, 831 F.2d 906, 907–08 (9th Cir.1987); *see also* INA § 106(c), 8 U.S.C. § 1105a(c) (repealed 1996) (mandating exhaustion); *Socop–Gonzalez*, 272 F.3d at 1183. Moukhlis has not failed to exhaust his remedies. Moukhlis' argument to this court is substantially the same as the argument he presented to the BIA: the IJ should have granted a continuance because Moukhlis had a right to competent counsel, and it was not his fault that his counsel abandoned him prior to the May 1996 hearing. Moukhlis now contends that counsel would have done something different for him than he contended before, but in both instances his basic contention was that he should have been allowed a continuance to find new counsel.

■ Although the government is not required to provide counsel to aliens in deportation proceedings, "aliens have a due process right to obtain counsel of their choice at their own expense." *Orantes–Hernandez v. Thornburgh*, 919 F.2d 549, 554 (9th Cir.1990); *see also* 8 U.S.C. § 1362; *Castro–Nuno v. INS*, 577 F.2d 577, 578 (9th Cir.1978) (right to counsel is statutory rather than constitutional). We review Moukhlis' due process claim *de novo*. *See Colindres–Aguilar v. INS*, 819 F.2d 259, 261 (9th Cir.1987). Moukhlis had been warned that he would be granted no further continuances past May 9, 1996. Moukhlis was on notice at least four weeks

before the May 9 hearing that he needed to obtain new representation. The IJ's refusal to grant a continuance did not violate Moukhlis' due process right to counsel because Moukhlis had ample time to secure replacement counsel prior to the hearing. *Compare Vides–Vides v. INS*, 783 F.2d 1463, 1469–70 (9th Cir.1986) (finding no due process violation where IJ proceeded with hearing after two continuances even though alien requested another continuance to obtain counsel) *with Colindres–Aguilar*, 819 F.2d at 261–62 (finding due process violation where IJ proceeded with hearing and refused to inquire whether petitioner wished to request continuance to locate previously retained counsel who failed to appear at hearing). *See also Escobar–Grijalva v. INS*, 206 F.3d 1331, 1334–35 (9th Cir.2000); *Castro–Nuno*, 577 F.2d at 579.

*Motion to Reopen*

■ We review the BIA's denial of Moukhlis' motion to reopen deportation proceedings for abuse of discretion. *See Arrozal v. INS*, 159 F.3d 429, 432 (9th Cir.1998). Moukhlis argues that the BIA abused its discretion in refusing to reopen his deportation proceedings because he presented evidence that he is prima facie eligible for a waiver of the joint petition requirement. *See* 8 U.S.C. § 1186a(c)(4)(B). Moukhlis argues that because the BIA must accept as true facts stated in his affidavit unless inherently unbelievable, *Limsico v. INS*, 951 F.2d 210, 213 (9th Cir.1991), he was entitled to succeed on his waiver argument. However, a motion to reopen will not be granted unless the evidence sought to be offered is new or was previously undiscoverable. 8 C.F.R. § 3.2(c)(1). The BIA denied the motion to reopen on the ground that Moukhlis' petition did not state facts relating to his marriage or his eligibility for a

waiver that could not have been discovered or presented previously. Further, where the alien seeks to apply for discretionary relief, a motion to reopen will not be granted "if it appears that the alien's right to apply for such relief was fully explained to him" at the hearing, unless the relief is sought on the basis of changed circumstances. *Id.* The IJ informed Moukhlis at the July 1995 hearing that he had the opportunity to renew his previously submitted waiver application, yet he did not do so. We cannot say that the BIA abused its discretion in denying Moukhlis' motion to reopen.

PETITION DENIED.